DiUNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

---

| | |
|---|---|
| Saba Hashem, Individually, and as a Member of, and derivatively on behalf of, D'Angelo and Hashem, LLC<br>Plaintiff | } } } } } } } } } } } } } } } } } } } } |
| V. | |
| Stephen L. D'Angelo and D'Angelo Law Group LLC, and nominally, D'Angelo and Hashem, LLC<br>Defendants | |

CIVIL ACTION NO:
1:16-cv-12383-IT

(Formerly Civil No.
16-1419A,
Suffolk Superior Court)

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS STEPHEN L. D'ANGELO AND D'ANGELO LAW GROUP LLC'S MOTION TO DISMISS

### INTRODUCTION

This case stems from the breakdown of the business relationship between Saba Hashem ("Mr. Hashem") and Stephen D'Angelo ("Mr. D'Angelo) as a result of the criminal conduct of Mr. Hashem. After Mr. Hashem's license to practice law was suspended, Mr. D'Angelo was forced to organize a new business entity so that he could continue to provide legal services to his clients and maintain his livelihood.

Mr. Hashem now asks the Court to punish Mr. D'Angelo and his new company, D'Angelo Law Group, LLC ("D'Angelo Law Group") for doing that which was legally required. Apart from, perhaps, compensating Mr. Hashem for any work performed prior to his incarceration, should he be

able to prove any outstanding monies due, the Court should reject the claims of Mr. Hashem.

## STATEMENT OF RELEVANT FACTS

On or about January 12, 2000, Mr. Hashem and Mr. D'Angelo, at that time both licensed attorneys, formed D'Angelo and Hashem, LLC ("D & H LLC") for the purpose of practicing law.  The men were equal members of D & H LLC.

On or around November 2015, Mr. Hashem was convicted of domestic assault and battery for choking his girlfriend, and was subsequently incarcerated and had his license to practice law suspended.

At that time, it therefore became inadvisable, illegal, and impossible for Mr. D'Angelo to continue to work with Mr. Hashem.  As a result, Mr. D'Angelo was forced to create a new business entity for his law practice, which he did when he formed D'Angelo Law Group LLC on or about November 6, 2015.

In an effort to fulfill his representational duties and commitments, as well as to ensure his own livelihood, Mr. D'Angelo and D'Angelo Law Group continued to represent many clients who had formerly been represented by D & H LLC.  He also set about obtaining new clients.

Mr. Hashem now argues that Mr. D'Angelo's actions were somehow unlawful, bringing claims of Breach of Fiduciary Duty, Interference With Advantageous Business and Contractual Relationships, Accounting, and for injunctive relief.

## STANDARD OF REVIEW

Dismissal of a claim is appropriate where, based on the facts alleged, a count fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Although the Court must accept as

true the factual allegations of the Complaint and construe reasonable inferences in favor of the Plaintiffs, *Perry v. N.E. Bus. Serv. Inc.*, 347 F.3d 343, 344 (1st Cir. 2003), that standard does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Taking all the well pleaded facts as true and drawing all reasonable inferences in the plaintiffs' favor, where it clearly appears that there is no, "claim to relief that is plausible on its face," *Gray v. Evercore Restructuring LLC*, 544 F.3d 320, 324 (1st Cir. 2008) (internal quotations omitted), the Court must dismiss the claim. *See Also*, *Pomerleau v. West Springfield Public School*, 362 F.3d 143, 145 (1st Cir. 2004).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. However, "[d]etermining whether a complaint states a plausible claim for relief will,(. . . ) be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Id. at 679.

Under Rule Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion to dismiss, courts "must accept as true the well-pleaded factual allegations of the complaint" and "draw all reasonable inferences therefrom in the plaintiff's favor[.]" LaChapelle v. Berskshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitle[ment] to relief' require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted); Damon v. Moore, 520 F.3d 98, 102-03 (1st Cir. 2008). "[Although] legal conclusions can provide the framework of a complaint; they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950(2009).

To survive a Rule 12(b)(6) motion to dismiss, factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" and cross the line between "possibility" and "plausibility" of entitlement to relief. Bell Atlantic Corp., 127 S.Ct. at 1965-66. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the . . . court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S.Ct. at 1950. The focus of a Rule 12(b)(6) inquiry is not "whether a plaintiff will ultimately prevail but whether the claimaint is entitled to offer evidence to support the

claims." Gilbert v. Essex Group, Inc., 930 F.Supp. 683, 686 (D.N.H. 1993)(quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

The Plaintiffs in this case have failed to present any claim which is plausible on its face, therefore the action should be dismissed.

## ARGUMENT

### *Breach of Fiduciary Duty*

Mr. Hashem argues that the Defendants breached their fiduciary duty to Mr. Hashem by, "causing Contingent Fee Clients and C. 152 [workers' compensation] Clients to terminate their business or contractual relationships with D & H LLC and enter into agreements with D'Angelo Law Group LLC." *Complaint*, Paragraph 26.

"To establish a breach of fiduciary duty, there must be a duty owed to the plaintiff by the defendant and injury to the plaintiff proximately caused by the breach." *Estate of Moulton v. Puopolo*, 467 Mass. 478, 491 (2014). Once Mr. Hashem could no longer practice law, it became unlawful for Mr. D'Angelo to work with Mr. Hashem, and therefore any duty to refrain from representing clients previously represented by Mr. Hashem and D & H LLC was extinguished.

Massachusetts Supreme Judicial Court Rule 4:01, Bar Discipline, Section 17(7) provides: "…no lawyer or law firm shall knowingly employ or otherwise engage directly or indirectly, in any capacity, a person who is suspended or disbarred by any court."

Mr. Hashem's license to practice law is currently suspended due to his conviction and incarceration for domestic assault. Furthermore, the Massachusetts Rules of Professional Conduct, Rule 5.4(d), dictates, "A lawyer shall not practice with or in the form of a

limited liability entity authorized to practice law for profit if:…(2) a nonlawyer is an officer or corporate director or limited liability company manger thereof." Due to his suspension, Mr. Hashem should be considered a "nonlawyer".

As such, Mr. D'Angelo is no longer permitted to work with Mr. Hashem (and therefore has not), and D & H LLC can no longer operate in its current form and offer legal services to clients. Therefore, Mr. D'Angelo was required by law to form a new entity if he wished to practice law, necessitating the formation of D'Angelo Law Group LLC.

As Mr. Hashem could no longer represent his former clients, there were no restraints on Mr. D'Angelo continuing to serve those clients under the auspices of his new business. Mr. D'Angelo did not, "improperly [seek] to secure for himself income that properly belongs to D & H LLC," *Complaint*, Paragraph 26. Mr. D'Angelo only did what the law required of him.

The allegations Mr. Hashem has set forth with regard to the judgment in favor of Ms. Carrion are simply another unavoidable consequence of Mr. Hashem's suspension from the practice of law and consequent inability of D & H LLC to continue to operate and serve clients.

### *Interference With Advantageous Business and Contractual Relationships*

Mr. Hashem further alleges that the Defendants' actions "interfered with D & H LLC's advantageous business and contractual relationships with its Contingent Fee Clients and C. 152 Clients and caused both Mr. Hashem and D & H LLC financial loss." *Complaint*, Paragraph 28. Importantly, "a claim of tort liability for intentional interference with contractual or other economic relations is made out

when interference resulting in injury to another is wrongful by some measure *beyond the fact of interference itself*. Defendant's liability may arise from improper motives or from the use of improper means…" *United Truck Leasing Corp. v. Geltman*, 406 Mass. 811, 816 (1990) (emphasis added) (internal quotations omitted).

As explained above, and relying on the same set of facts, the business relationships of Mr. Hashem and D & H LLC, with respect to providing legal services, dissolved upon Mr. Hashem's suspension from the practice of law. There were no lawful business relationships with which to interfere. Even if such business relationships could be said to exist, Mr. D'Angelo's conduct was not improper, and thus no claim can be made against the Defendants.

### *Accounting*

The accounting requested also fails to state a claim upon which relief can be granted. As described above, the Defendants breached no duty to the Plaintiffs and interfered with no lawful business relationships of the Plaintiffs. For those reasons, it would be nonsensical to require the Defendants to account for activity which was undertaken lawfully. Furthermore, the Plaintiffs ask not only for an accounting with respect to the former clients of D & H LLC, but also, "an accounting of what assets of D & H LLC Mr. D'Angelo has caused to be transferred to D'Angelo Law Group LLC…" *Complaint*, Paragraph 30. Nowhere, however, do the Plaintiffs allege that the Defendants have transferred any assets to D'Angelo Law Group except for the allegations of transferring clients, which have been addressed above.

If Mr. Hashem believes himself due specific compensation for work performed prior to his suspension, he may be entitled to such funds on a theory of quantum meruit.  But Mr. Hashem has not made such a claim and has set forth no facts on which to base such a claim.

### *Injunctive Relief*

"To succeed in an action for a preliminary injunction, a plaintiff must show (1) a likelihood of success on the merits; (2) that irreparable harm will result from the denial of the injunction; (3) that, in light of the plaintiff's likelihood of success on the merits, the risk of irreparable harm to the plaintiff outweighs the potential harm to the defendant in granting the injunction."  *Tri-Nel Management, Inc. v. Board of Health of Barnstable*, 433 Mass. 217, 219 (2001).  For all the reasons and facts set forth above, the Plaintiffs are not likely to succeed on the merits of their claims.

Even if they were to succeed in some measure, there would be no irreparable harm in denying a preliminary injunction.  Mr. Hashem is not able to practice law currently, so there would be no gain in prohibiting the Plaintiffs from continuing to represent the clients in question (nor has Mr. Hashem even asked for relief of that nature).

In essence, Mr. Hashem is asking the Defendants to keep records of all of their clients and income, something which they are required by law and legal ethics to do anyway and are doing.  There is no irreparable harm in failing to share that information with Mr. Hashem at this time, as it will be available in the future should the Court deem it necessary to disclose.  Moreover, Mr. Hashem has no right to receive any client or financial information from the D'Angelo Law Group and Attorney D'Angelo is prohibited from disclosing the

requested information by the Professional Rules of Responsibility. Nor is Hashem entitled to receive any financial information or documents from Attorney D'Angelo.

As there is no irreparable harm to the Plaintiffs at all, clearly it does not outweigh the potential harm to the Defendants, which would include great inconvenience and possibly compromising the attorney/client relationship.  There are no grounds for the injunctive relief, whether temporary or permanent, sought by the Plaintiffs.

## CONCLUSION

Any financial harms suffered by Mr. Hashem surrounding the events described in the Plaintiffs' complaint were the natural consequences of Mr. Hashem's criminal behavior and consequent suspension of his license to practice law.  Mr. D'Angelo, who was left with an LLC which could no longer function to provide legal services, did what was lawful and advisable in forming a new LLC and offering to represent those clients who had previously relied on D & H LLC.

Mr. D'Angelo and D'Angelo Law Group breached no duty to the Plaintiffs.  It would have been impossible for the Defendants to interfere with the business relationships of the Plaintiffs because Mr. Hashem's conduct made it unlawful for those relationships to exist.

Therefore, the Plaintiffs have failed to state any claims upon which relief may be granted, and accordingly this action should be dismissed in its entirety.

RESPECTFULLY SUBMITTED,

Stephen L. D'Angelo
D'Angelo Law Group, LLC
By their Attorneys,

DATED:  12-12-16                        /s/  William J. Amann
                                        William J. Amann, Esq.,
                                        Mass BBO# 648511
                                        Craig, Deachman & Amann, PLLC
                                        1662 Elm St., #100
                                        Manchester, NH 03101
                                        603-665-9111
                                        wamann@cda-law.com

## CERTIFICATE OF SERVICE

        I hereby certify that a copy of the foregoing document was served
via the Court's CM/ECF filing system upon all registered users in this
case, including Plaintiffs' Counsel.

DATED:  12-12-16                        /s/ William J. Amann, Esq.