UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|                                                      |   |                                  |
|------------------------------------------------------|---|----------------------------------|
| Saba Hashem, Individually, and as a Member of, and derivatively on behalf of, D'Angelo and Hashem, LLC | ) ) ) ) | |
| **Plaintiff** | ) ) | |
| V. | ) ) | Civil Action No: 1:16-cv-12383-IT |
| Stephen L. D'Angelo, D'Angelo and Hashem, LLC and D'Angelo Law Group LLC | ) ) ) ) | |
| **Defendants** | ) ) | |

## VERIFIED AMENDED COMPLAINT

1. Saba Hashem ("Mr. Hashem") is an adult and a resident of Methuen, Essex County, Massachusetts.

2. Stephen L. D'Angelo ("Mr. D'Angelo") is an adult and a resident of Chester, Rockingham County, New Hampshire.

3. D'Angelo Law Group LLC, is a limited liability company with a principal place of business in North Andover, Massachusetts.

4. Mr. Hashem and Mr. D'Angelo are both attorneys. Mr. Hashem's license to practice law in Massachusetts is currently suspended.

5. On July 27, 2016 an order for suspension for eighteen (18) months, retroactive to December 29, 2015, was entered in the Supreme Judicial Court, subject to certain conditions, including successful completion of a term of probation imposed by the Lawrence District Court.

6. Mr. Hashem is in full compliance with all of the conditions of his suspension, including those imposed by the Lawrence District Court, and intends to petition for reinstatement as an at-

torney on the earliest possible date permitted by law, likely ninety (90) days before June 29, 2017, the end of the eighteen (18) month suspension period.

7. On January 12, 2000, Mr. Hashem and Mr. D'Angelo formed D'Angelo and Hashem, LLC ("D & H LLC"), a limited liability company, that is named in this action nominally as a defendant.

8. Each is a member of D & H LLC. Each is entitled to an equal share of the profits and losses of D & H LLC.

9. Mr. D'Angelo at all times owed Mr. Hashem and D & H LLC a fiduciary duty of the utmost good faith and loyalty, a duty that required he do nothing to prefer his interests over those of Mr. Hashem or D & H LLC.

10. Mr. Hashem brings this action in his own right, and derivatively on behalf of D & H LLC.

11. On or about November 6, 2015, Mr. D'Angelo formed D'Angelo Law Group LLC. He is the sole manager and member of D'Angelo Law Group LLC.

12. As of November 6, 2015, D & H LLC was signatory, as attorney, to at least one hundred (100) contingent fee agreements with personal injury clients of the law firm D & H LLC (collectively, all such clients are hereafter referred to as the "Contingent Fee Clients").

13. As of November 6, 2015, D & H LLC was signatory, as attorney, to approximately twenty five (25) fee agreements whereby clients agreed to be represented by D & H LLC in matters arising under the Massachusetts Workers Compensation Act, G.L., c 152 (collectively, all such clients are hereafter referred to as the "C. 152 Clients").

14. On information and belief, beginning on November 6, 2015 and continuing thereafter, Mr. D'Angelo improperly caused most if not all of the Contingent Fee Clients and C. 152 Cli-

torney on the earliest possible date permitted by law, likely ninety (90) days before June 29, 2017, the end of the eighteen (18) month suspension period.

7. On January 12, 2000, Mr. Hashem and Mr. D'Angelo formed D'Angelo and Hashem, LLC ("D & H LLC"), a limited liability company, that is named in this action nominally as a defendant.

8. Each is a member of D & H LLC. Each is entitled to an equal share of the profits and losses of D & H LLC.

9. Mr. D'Angelo at all times owed Mr. Hashem and D & H LLC a fiduciary duty of the utmost good faith and loyalty, a duty that required he do nothing to prefer his interests over those of Mr. Hashem or D & H LLC.

10. Mr. Hashem brings this action in his own right, and derivatively on behalf of D & H LLC.

11. On or about November 6, 2015, Mr. D'Angelo formed D'Angelo Law Group LLC. He is the sole manager and member of D'Angelo Law Group LLC.

12. As of November 6, 2015, D & H LLC was signatory, as attorney, to at least one hundred (100) contingent fee agreements with personal injury clients of the law firm D & H LLC (collectively, all such clients are hereafter referred to as the "Contingent Fee Clients").

13. As of November 6, 2015, D & H LLC was signatory, as attorney, to approximately twenty five (25) fee agreements whereby clients agreed to be represented by D & H LLC in matters arising under the Massachusetts Workers Compensation Act, G.L., c 152 (collectively, all such clients are hereafter referred to as the "C. 152 Clients").

14. On information and belief, beginning on November 6, 2015 and continuing thereafter, Mr. D'Angelo improperly caused most if not all of the Contingent Fee Clients and C. 152 Cli-

ents to terminate their business or contractual relationship with D & H LLC and enter into agreements with D'Angelo Law Group LLC, of which he is sole owner.

15. On information and belief, since November 6, 2015 and continuing thereafter, Mr. D'Angelo has caused D'Angelo Law Group LLC to collect fees that belong to D & H LLC, and would have been earned by and paid to D & H LLC, but for Mr. D'Angelo's efforts in improperly causing Contingent Fee Clients and C. 152 Clients to terminate their relationship with D & H LLC and enter into agreements with D'Angelo Law Group LLC.

16. At no time prior to November 6, 2015 did Mr. D'Angelo claim to Mr. Hashem that he was required by law to form a new limited liability company of which he would be sole member and to cause to be transferred to such an entity the over one hundred twenty five active client matters then being handled by D & H LLC.

17. Mr. D'Angelo never notified Mr. Hashem that D'Angelo Law Group LLC alone would receive fees generated by these clients and their cases.

18. In addition, on February 6, 2016, again without consulting with Mr. Hashem, Mr. D'Angelo signed and filed a purported 2015 annual report of D & H LLC in which he reported that Mr. Hashem and he were "managing directors" and officers of D & H LLC.

19. Mr. Hashem has not practiced law since he was temporarily suspended on December 29, 2015.

20. D & H LLC has not employed or otherwise engaged Mr. Hashem, directly or indirectly, in any capacity, and he has not taken any actions with respect to the management of D & H LLC.

21. Mr. Hashem ceased to engage in any management activities of D & H LLC well before his December 29, 2015 temporary suspension. On December 26, 2016 he resigned as manager

of D & H LLC. Neither Mr. Hashem nor Mr. D'Angelo has taken any action to dissolve D & H LLC.

22. Mr. D'Angelo and D'Angelo Law Group LLC have wrongfully interfered with the advantageous business and contractual relationships D & H LLC enjoyed with the Contingent Fee Clients and C. 152 Clients.

23. By improperly causing the Contingent Fee Clients and C. 152 Clients to terminate their contractual relationships with D & H LLC and to enter into agreements with D'Angelo Law Group LLC, and then causing D'Angelo Law Group LLC to collect fees that belong to D & H LLC, and would have been earned by and paid to D & H LLC, Mr. D'Angelo has breached his fiduciary duty of utmost good faith and loyalty owed to Mr. Hashem and D & H LLC.

24. On information and belief, from the date of this complaint forward, Mr. D'Angelo intends to continue to cause D'Angelo Law Group LLC to collect fees that belong to D & H LLC, and would have been earned by and paid to D & H LLC, but for Mr. D'Angelo's efforts in improperly causing Contingent Fee Clients and C. 152 Clients to terminate their relationship with D & H LLC and enter into agreements with D'Angelo Law Group LLC.

25. On or about 2007 Jennifer Carrion, a former employee of D & H LLC, commenced an employment discrimination lawsuit against D & H LLC and Mr. Hashem, but not Mr. D'Angelo, despite that many of the actions about which she complained were actions taken, or approved of by, Mr. D'Angelo.

26. As a result of a jury verdict in that action, and the awards of attorneys' fees subsequently made in connection with the appeals taken by the defendants, D & H LLC is solely liable to Ms. Carrion in the amount of $180,717, Mr. Hashem is solely liable to Ms. Carrion in the

amount of $29,414, and D & H LLC and Mr. Hashem are jointly and severally liable to Ms. Carrion in the amount of $288,503.

27. Mr. Hashem has requested an accounting from Mr. D'Angelo of the financial activity and condition of D & H LLC, and of what assets of D & H LLC he has caused to be transferred to D'Angelo Law Group LLC, but Mr. D'Angelo has at all times refused to provide such an accounting.

28. Mr. Hashem and Mr. D'Angelo are the only members of D & H LLC.

29. Because, all as described herein, Mr. D'Angelo has breached his fiduciary duty to Mr. Hashem and D & H LLC, interfered with D & H LLC's advantageous contractual and business relationships with the Contingent Fee Clients and C. 152 Clients and wrongfully diverted assets belonging to D & H LLC to D'Angelo Law Group, LLC, demand upon Mr. D'Angelo, individually or as an officer, member, manager or owner of an interest in D & H LLC to take action, including instituting a lawsuit, against himself in connection with his wrongful acts described above would have been futile, and consequently no such demand is required by law or was made upon Mr. D'Angelo.

30. There is no operating agreement for D & H LLC, and Mr. Hashem has standing to bring this action as a member of D & H LLC pursuant to M.G.L. c. 156C, sections 29 and 56.

31. Mr. Hashem, as the owner of 100% of the unreturned contributions to D & H LLC determined in accordance with G.L., c. 156C, section 29, has authorized himself by vote to commence this action on behalf of D & H LLC.

32. Because Mr. D'Angelo's interest in the outcome of this lawsuit is adverse to the interest of D & H LLC, Mr. D'Angelo's ownership interest in the unreturned contributions to D & H LLC determined in accordance with G.L., c. 156C, section 29 is therefore excluded in determining

whether Mr. Hashem's vote to commence this derivative action on behalf of D & H LLC complies with law.

### Count One
### Breach of Fiduciary Duty

33. Paragraphs 1- 32 above are realleged as if set forth in full.

34. By his actions described herein, including causing Contingent Fee Clients and C. 152 Clients to terminate their business or contractual relationships with D & H LLC and enter into agreements with D'Angelo Law Group LLC, of which he is sole owner, Mr. D'Angelo improperly sought to secure for himself income that properly belongs to D & H LLC, and to improperly shift the burden of paying money owed to Ms. Carrion onto Mr. Hashem, and by such actions breached his fiduciary duty to Mr. Hashem and D & H LLC and has caused, and will continue to cause both to suffer financial loss.

### Count Two
### Interference With Advantageous Business and Contractual Relationships

35. Paragraphs 1- 34 above are realleged as if set forth in full.

36. By their actions described herein Mr. D'Angelo and D'Angelo Law Group LLC have interfered with D & H LLC's advantageous business and contractual relationships with its Contingent Fee Clients and C. 152 Clients and caused both Mr. Hashem and D & H LLC financial loss.

### Count Three
### Accounting

37. Paragraphs 1- 36 above are realleged as if set forth in full.

38. Mr. Hashem is entitled to a complete accounting of the financial activity and condition of D & H LLC, including an accounting of what Contingent Fee Clients and C. 152 Clients became clients of D'Angelo Law Group LLC and what fees and other monies have been collected

from such Contingent Fee Clients and C. 152 Clients as well as an accounting of what assets of D & H LLC Mr. D'Angelo has caused to be transferred to D'Angelo Law Group LLC, and an order that all such assets be restored to D & H LLC, or that D'Angelo Law Group LLC pay to D & H LLC the full and fair value of all such assets.

## Count Four
## Injunctive Relief

39. Paragraphs 1- 38 above are realleged as if set forth in full.

40. D & H LLC and Mr. Hashem are entitled to injunctive relief and court orders to redress the damages and losses suffered to date and to be suffered in the future as a result of Mr. D'Angelo's breach of fiduciary duty and his, and D'Angelo Law Group LLC's interference with D & H LLC's advantageous business and contractual relationships with its Contingent Fee Clients and C. 152 Clients a) ordering that D'Angelo Law Group and Mr. D'Angelo, as the case may be, hold, and in the future will continue to hold, all legal fees collected in connection with the representation of Contingent Fee Clients and C. 152 Clients in constructive trust for the benefit of D & H LLC, b) ordering that after the payment of all reasonable expenses incurred in the collection thereof, all legal fees collected to date, and to be collected in the future, by D'Angelo Law Group LLC in connection with the representation of Contingent Fee Clients and C. 152 Clients, be paid over to D & H LLC, and that Mr. D'Angelo and D'Angelo Law Group LLC be restrained and enjoined from failing to pay over such legal fees until the last of the matters in which Contingent Fee Clients and C. 152 Clients are represented has been resolved, and c) barring Mr. D'Angelo from transferring any assets of D & H LLC to D'Angelo Law Group LLC, without payment of the full and fair value of those assets and an order that all such assets be restored to D & H LLC, or that D'Angelo Law Group LLC pay to D & H LLC the full and fair value of all such assets.

**Wherefore, Mr. Hashem requests this Honorable Court:**

A. Order defendants D'Angelo Law Group LLC and Mr. D'Angelo to provide a complete accounting of the financial activity and condition of D & H LLC, including an accounting of which Contingent Fee Clients and C. 152 Clients became clients of D'Angelo Law Group LLC and what fees and other monies have been collected from the representation of such Contingent Fee Clients and C. 152 Clients, as well as an accounting of what assets of D & H LLC Mr. D'Angelo has caused to be transferred to D'Angelo Law Group LLC; and

B. Order that D'Angelo Law Group and Mr. D'Angelo, as the case may be, hold, and in the future will continue to hold, all legal fees collected in connection with the representation of Contingent Fee Clients and C. 152 Clients in constructive trust for the benefit of D & H LLC; and

C. Order that, after the payment of all reasonable expenses incurred in the collection thereof, D'Angelo Law Group LLC and Mr. D'Angelo pay to D & H LLC all legal fees collected by D'Angelo Law Group LLC in connection with the representation of Contingent Fee Clients and C. 152 Clients, both prior to and after the filing of this action, and order that D'Angelo Law Group LLC and Mr. D'Angelo be permanently restrained and enjoined from failing to pay over such legal fees until the last of the matters in which Contingent Fee Clients and C. 152 Clients are represented has been resolved; and

D. Order defendants D'Angelo Law Group LLC and Mr. D'Angelo to provide monthly, accountings and detailed updates of the status of all matters concerning the representation of Contingent Fee Clients and C. 152 Clients; and

E. Order that, after payment of all amounts owed creditors of D & H LLC that D & H LLC make periodic distributions to its members of all amounts received by D & H LLC in

connection with the representation of Contingent Fee Clients and C. 152 Clients, and to distribute to each member his one half share thereof; and

F.  Determine the amount of damages Mr. D'Angelo has caused Mr. Hashem and D & H LLC and order that he pay those damages, plus attorneys' fees, interest and costs to Mr. Hashem or D & H LLC as the case may be; and

G.  Temporarily, and then permanently, restrain and enjoin D'Angelo Law Group LLC and Mr. D'Angelo from transferring any assets of D & H LLC to D'Angelo Law Group LLC, without payment of the full and fair value of those assets and enter an order that all such assets be restored to D & H LLC, or that D'Angelo Law Group LLC pay to D & H LLC the full and fair value of all such assets; and

H.  Grant such other relief as is from time to time sought in this action.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Date:  December 27, 2016

          Saba Hashem, individually,
          as a member of, and derivatively on behalf
          of, D & H LLC
          By his attorneys,


             /s/ Albert L. Farrah, Jr., Esq.
          Albert L. Farrah, Jr., Esq.
          321 Columbus Avenue
          Boston, MA 02116
          (617) 742-7766
          B.B.O. 159340
          alf@farrah-law.com

# VERIFICATION BY OATH

SUFFOLK, ss. December 27, 2016

    I, the undersigned, Saba Hashem being first duly sworn on oath depose and say: That I am a resident of Methuen, in the Commonwealth of Massachusetts; that I am one of the plaintiffs named and described in the foregoing complaint; that I know the contents thereof and as to all matters of fact therein stated the same is true, and as to all matters therein stated on information and belief, I believe them to be true.

    Signed under penalties of perjury this 27th day of December, 2016.

                                                /s/ Saba Hashem_____
                                                Saba Hashem