UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

———————————————————————
                                                    )
Saba Hashem, Individually, and as a                 )
Member of, and derivatively on behalf of,           )
D'Angelo and Hashem, LLC                            )
                                                    )
            Plaintiff                               )
V.                                                  )        Civil Action No: 1:16-cv-12383-IT
                                                    )
Stephen L. D'Angelo,                                )
D'Angelo and Hashem, LLC                            )
and D'Angelo Law Group LLC                          )
                                                    )
            Defendants                              )
———————————————————————)

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' SECOND MOTION TO DISMISS

Plaintiff Saba Hashem, individually and as a member of, and derivatively on behalf of,

D'Angelo and Hashem, LLC, hereby opposes the January 24, 2017 motion to dismiss of defend-

ants Stephen L. D'Angelo, D'Angelo and Hashem, LLC and D'Angelo Law Group LLC.

Background Facts[1]

On January 12, 2000, attorneys Saba Hashem and Stephen D'Angelo formed D'Angelo

and Hashem, LLC ("D & H LLC"). The parties never executed an operating agreement for D &

H LLC. Each was, and remains, a member of D & H LLC, and each is entitled to an equal share

of its profits and losses. Since its formation, D & H LLC has offered legal services to the public,

principally representing injured parties in personal injury lawsuits and matters arising under the

Massachusetts Workers Compensation statute.

———————————————
1.  These facts are taken from the Amended Verified Complaint in this action.

On December 29, 2015, Mr. Hashem was temporarily suspended from the practice of law. On July 27, 2016 an order for suspension for eighteen (18) months, retroactive to December 29, 2015, was entered in the Supreme Judicial Court, subject to certain conditions, including successful completion of a term of probation imposed by the Lawrence District Court. Mr. Hashem is in full compliance with all of the conditions of his suspension, including those imposed by the Lawrence District Court, and intends to petition for reinstatement as an attorney on the earliest possible date permitted by law, likely ninety (90) days before June 29, 2017, the end of the eighteen (18) month suspension period.

On November 6, 2015, more than a month *before* Mr. Hashem's temporary suspension, Mr. D'Angelo formed D'Angelo Law Group LLC ("D'Angelo LLC"), of which he is the sole manager and member. As of that date, D & H LLC was signatory, as attorney, to at least one hundred (100) contingent fee agreements with personal injury clients of the law firm D & H LLC (collectively, all such clients are hereafter referred to as the "Contingent Fee Clients") and signatory, as attorney, to approximately twenty five (25) fee agreements whereby clients agreed to be represented by D & H LLC in matters arising under the Massachusetts Workers Compensation Act, G.L., c 152 (collectively, all such clients are hereafter referred to as the "C. 152 Clients").

Beginning on November 6, 2015 and continuing thereafter, Mr. D'Angelo improperly caused most if not all of the Contingent Fee Clients and C. 152 Clients to terminate their business or contractual relationship with D & H LLC and enter into agreements with D'Angelo LLC. Since November 6, 2015, Mr. D'Angelo has caused D'Angelo LLC to collect fees on cases where D & H LLC represented clients, fees that would have been earned by and paid to D & H LLC, but for Mr. D'Angelo's efforts in improperly causing clients to terminate their relationship with D & H LLC and enter into agreements with D'Angelo LLC. Mr. Hashem requested an ac-

counting from Mr. D'Angelo of the financial activity and condition of D & H LLC, and of what assets of D & H LLC he has caused to be transferred to D'Angelo LLC, but Mr. D'Angelo has at all times refused to provide such an accounting.

At no time prior to November 6, 2015 did Mr. D'Angelo claim to Mr. Hashem that he was required by law to form a new limited liability company of which he would be sole member and  to cause to be transferred to such an entity the over one hundred twenty five (125) active client matters then being handled by D & H LLC.  Mr. D'Angelo never notified Mr. Hashem that D'Angelo LLC alone would receive fees generated by these clients and their cases.

In addition, on February 6, 2016, again without consulting with Mr. Hashem, Mr. D'Angelo signed and filed a purported 2015 annual report of D & H LLC in which he reported that Mr. Hashem and he were "managing directors" and officers of D & H LLC.  Mr. Hashem has not practiced law since he was temporarily suspended on December 29, 2015.  D & H LLC has not employed or otherwise engaged Mr. Hashem, directly or indirectly, in any capacity.

Mr. Hashem ceased to engage in any management activities of D & H LLC well before his December 29, 2015 temporary suspension.  On December 26, 2016 he resigned as manager of D & H LLC.  Neither Mr. Hashem nor Mr. D'Angelo has taken any action to dissolve D & H LLC.

<u>Procedural History</u>

On September 16, 2016, Mr. Hashem, on his own behalf and on behalf of D & H LLC, filed a four count complaint in Essex County (Massachusetts) Superior Court, alleging Mr. D'Angelo's breach of his fiduciary duty to Mr. Hashem and D & H LLC, his interference with D & H LLC's advantageous contractual and business relationships with the Contingent Fee Clients and C. 152 Clients and the wrongful diversion of assets belonging to D & H LLC to D'Angelo

LLC.  In that action plaintiff sought money damages, an accounting and injunctive and equitable relief.  On November 25, 2016 defendants removed the action to this court.

### First Motion To Dismiss

Defendants moved to dismiss on December 12, 2016.  In response, plaintiffs amended their complaint.  In their original motion to dismiss defendants relied on Supreme Judicial Court Rule 4:01, Bar Discipline, Section 17(7) and Rules of Professional Conduct, Rule 5.4(d)(2), claiming those rules justified Mr. D'Angelo's decision to form D'Angelo LLC and to offer the approximately one hundred twenty five (125) clients with whom D & H LLC had existing fee agreements the opportunity to enter into fee agreements with D'Angelo LLC.  Mr. Hashem responded to both claims in his opposition papers.[2]

### Second Motion To Dismiss

Defendants' second motion to dismiss presents four new arguments, none of which was raised earlier.   They are (a) that Mass.R.Prof.C. 5.4(d)(1) prohibits a lawyer from practicing in the form of a limited liability entity if a non lawyer owns any interest therein; (b) that S.J.C. Rule 3.06(2) requires the organizational documents of any limited liability entity that practices law provide that all owners be in good standing, and that any attorney who ceases to be eligible to be

---

2. Defendants wrote "Massachusetts Supreme Judicial Court Rule 4:01, Bar Discipline, Section 17(7) provides: '…no lawyer or law firm shall knowingly employ or otherwise engage directly or indirectly, in any capacity, a person who is suspended or disbarred by any court.'" D'Angelo Memo., pg. 5.    Mr. Hashem responded that "The reference to Section 17(7) is misplaced.  Mr. Hashem has made no attempt to practice law since his suspension, has not acted as a manager or in any capacity with respect to D & H LLC, and D & H LLC has not employed him or "engaged" him in any capacity."

Defendants also argued that Supreme Judicial Court Rule 3.07, Rules of Professional Conduct, Rule 5.4(d)(2), specifically prohibiting practice in an entity *managed* by a "nonlawyer", justified Mr. D'Angelo's conduct in forming a new entity.  To this claim Mr. Hashem responded he had not managed D & H LLC since his suspension.

an owner shall be required to dispose of his ownership interest as soon as reasonably possible either to the entity or to an individual or entity duly qualified to be an owner of the entity; (c) the Amended Complaint failed to plead with particularity the pre-suit demand the plaintiff had made or the futility of such a demand; and (d) that Mr. Hashem failed to deliver a written request for an accounting to the defendants prior to instituting suit.

## Law And Argument

### 1. Motions To Dismiss

A court's goal in reviewing a Rule 12(b)(6) motion is to determine whether the factual allegations of a complaint set forth "a plausible claim upon which relief may be granted." *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 353 (1st Cir. 2013). The court must take all of the pleaded factual allegations in the complaint as true, *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993), and draw reasonable inferences in the pleader's favor from the facts alleged. *Ocasio–Hernández v. Fortuño–Burset*, 640 F.3d 1, 8, 12 (1st Cir. 2011).

Dismissal of a complaint pursuant to Rule 12(b)(6) is inappropriate if the complaint satisfies Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief". *Id.* at 11, citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A "short and plain" statement needs only enough detail to provide a defendant with "'fair notice of what the…claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Although evaluating the plausibility of a legal claim "requires the reviewing court to draw on its judicial experience and common sense," *Iqbal*, 129 S.Ct. at 1950, the court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. See, also, *id*. at 568, n. 8 ("[W]hen a com-

plaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.")  The relevant inquiry must therefore be "focuse[d] on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio–Hernández*, 640 F.3d at 13.

A.  Defendants Are Correct, Mr. Hashem Cannot Maintain An Ownership Interest In D & H LLC And Will Tender His Interest As Required By S.J.C Rule 3.06(2)

Despite being represented by independent counsel in his Board of Bar Overseers proceedings and different counsel in this matter, and despite his reliance on advice he received from Mr. D'Angelo as well, candidly, until Mr. D'Angelo's second motion to dismiss, it appears all parties and their counsel were unaware of the provisions of Mass.R.Prof.C. 5.4(d)(1), quite plainly set forth in the rule.  Mr. Hashem cannot maintain an ownership interest in D & H LLC.[3]

As in the case of Mass.R.Prof.C. 5.4(d)(1), that a suspended attorney is required by S.J.C. Rule 3.06(2) to tender his interest in a limited liability entity escaped Mr. Hashem and his counsel, and until apparently very recently, escaped defendants and their counsel as well.  D & H LLC had no operating agreement, and consequently no charter as required by Rule 3.06(2) mandating that a suspended attorney tender his interest.  Notwithstanding that fact, it is clear that Mr. Hashem must comply with the provisions of Rule 3.06.  He is fully prepared to do so.  At the same time, nothing in the rule requires Mr. Hashem forfeit the value of that interest as part of the process of tendering.  The accounting he has requested will establish the value of that interest, in part by determining the value of the various contingent fee and worker's compensation fee

---

3.  Mr. Hashem has not practiced law since he was temporarily suspended on December 29, 2015.  On February 6, 2016, without consulting with Mr. Hashem, Mr. D'Angelo signed and filed a purported 2015 annual report of D & H LLC in which he reported that Mr. Hashem and he were "managing directors" and officers of D & H LLC.

agreements to which D & H LLC was a party, as well as other assets of D & H LLC and, of course, its liabilities.

B.   <u>Mr. Hashem Satisfied The Demand Requirements Of Rule 23.1</u>

Mr. Hashem satisfied the requirements of Rule 23.1.   Demand upon Mr. D'Angelo to take action against himself and his newly formed D'Angelo LLC would have been futile, as set forth in Paragraph 29 of the Amended Complaint, that reads:

> 29.   Because, all as described herein, Mr. D'Angelo has breached his fiduciary duty to Mr. Hashem and D & H LLC, interfered with D & H LLC's advantageous contractual and business relationships with the Contingent Fee Clients and C. 152 Clients and wrongfully diverted assets belonging to D & H LLC to D'Angelo Law Group, LLC, demand upon Mr. D'Angelo, individually or as an officer, member, manager or owner of an interest in D & H LLC to take action , including instituting a lawsuit, against himself in connection with his wrongful acts described above would have been futile, and consequently no such demand is required by law or was made upon Mr. D'Angelo.

C.   <u>Written Demand For An Accounting Is Neither A Prerequisite To Filing Suit Nor A Grounds For Dismissal</u>

Citing chapter 156C, section 10, defendants make much of the argument that because Mr. Hashem did not in writing request an accounting this action must be dismissed.  Section 10 does not make written demand a prerequisite to suit for an accounting and no section of chapter 156C establishes any time period within which a limited liability company must respond before suit can be filed.  Even if there were such a requirement, the failure to make a written request in writing is not fatal to Mr. Hashem's action.  He should be permitted to send such a writing now, and any further action on this matter should be stayed until defendants respond, or a reasonable time for response has passed and none is forthcoming.

D.   <u>An Accounting Is Necessary To Wind Up The Affairs Of D & H LLC</u>

As noted above, Mr. Hashem is prepared to tender his interest in D & H LLC and should be paid the full value of that interest.  "A resigning member is entitled to receive, within a rea-

sonable time after resignation, the fair value of his [LLC] interest as of the date of resignation based upon his right to share in distributions from the [LLC]." G. L. c. 156C, §32.  See, also, *Haskell v. Versyss Liquidating Trust*, 75 Mass. App. Ct. 120 (2009) (valuing departing stockholder's interest in stock as of date of departure from company).

An accounting is required to determine the assets and liabilities of D & H LLC, and also determine whether Mr. D'Angelo's actions - principally in not giving value to D & H LLC for its interests in fee agreements to which it was, and D'Angelo LLC is now, a party - have preferred his interests, as a member, over those of Mr. Hashem, including causing D & H LLC to be without assets to pay its debts.   Among the debts of D & H LLC is an obligation to a former employee, Jennifer Carrion, to whom D & H LLC and Mr. Hashem, but not Mr. D'Angelo, are in part jointly and severely liable.[4]  In accounting and placing a value on Mr. Hashem's 50% interest in D & H LLC for distribution to him, provision should be made, after equalizing the capital accounts of Mr. Hashem and Mr. D'Angelo, to pay all amounts owed to creditors, including Ms. Carrion.

Contingent fee agreements with clients are part of a law firm's assets.  *Meehan v. Shaughnessy*, 404 Mass. 419 (1989) (where departing attorneys caused existing contingent fee clients of one firm to terminate their relationship with that firm and enter into fee agreements with departing attorneys' new firm, such existing fee agreements were an asset of the former firm, and partners of the former firm were entitled to receive their proportionate share of the

_____

4.  As a result of a jury verdict and the awards of attorneys' fees subsequently made in connection with the trial and appeals, D & H LLC is solely liable to Ms. Carrion in the amount of $180,717, Mr. Hashem is solely liable to Ms. Carrion in the amount of $29,414, and D & H LLC and Mr. Hashem are jointly and severally liable to Ms. Carrion in the amount of $288,503.  The amount of joint and several liability represents attorneys' fees awarded jointly and severally against Mr. Hashem and D & H LLC, despite that the verdict against D & H LLC was six times greater than the verdict awarded against Mr. Hashem.

amount to be paid by the exiting attorneys). See, also, *Lyons v. Lyons*, 403 Mass. 1003 (1988) (anticipated legal fees from contingent agreement of attorney spouse considered marital asset subject to division under c. 208, §28).

Such an accounting should include a process whereby cases of all one hundred twenty five (125) or more clients would have been inventoried, evaluated in terms actions required to proceed with their resolution and valued.  Mr. Hashem and Mr. D'Angelo should each have the opportunity to participate fully in that process.  "Each partner has a fiduciary duty to wind up this unfinished partnership business solely for the benefit of the former partnership. G.L. c. 108A, §§ 18(f ), 21, 35." *Meehan v. Shaughnessy, supra,* 404 Mass. at 430.  Failing to account for the value to D & H LLC of cases in progress that are now being handled by D & H LLC is a breach of Mr. D'Angelo's fiduciary duties to D & H LLC.  The Supreme Judicial Court has "consistently applied this statute, and held that a partner must account for any profits which flow from a breach of fiduciary duty. *Shulkin v. Shulkin*, 301 Mass. 184, 192-193 (1938)", and cases cited. *Meehan v. Shaughnessy, 404 Mass at 445-446.*

A constructive trust should be imposed upon the defendants for the value to D & H LLC of fee agreements to which it was, and D'Angelo LLC is now, counsel of record.  The *"rule re-*quiring the imposition of a constructive trust "does not rest [merely] upon the narrow ground of injury or damage to the [partnership] resulting from a betrayal of confidence, but upon a broader foundation of a wise public policy that, for the purpose of removing all temptation, extinguishes all possibility of profit flowing from a breach of the confidence imposed by the fiduciary rela-tion." *Meehan v. Shaughnessy, 404 Mass at 446.*

Conclusion

As the defendants wrote in opening their memorandum, this "case presents a seemingly unprecedented situation" involving statutory and common-law limited liability, partnership and corporate principals applied against the backdrop of rules regarding the practice of law.  Mr. Hashem has at all times been represented by counsel who has advised regarding theories of recovery and strategies. Any suggestion Mr. Hashem is acting in an unethical manner in pursuing this action is ill motivated - as is the description of the criminal matter that resulted in his suspension, which is included by defendants in their memorandum for no apparent reason other than to inflame the court.   What Mr. Hashem seeks is the fair value of his interest in D & H LLC.[5]

This action brings to a sad end what by all accounts had been a congenial and successful fifteen year professional relationship.   If the status quo is allowed to continue Mr. Hashem, who has paid dearly for his actions and will continue to do so, will be left with nothing, except an outsized obligation to Jennifer Carrion.  Mr. D'Angelo, on the other hand, will continue to enjoy the benefits of one hundred twenty five (125) fee agreements and the considerable good will and client base built up over the years by D & H LLC.

Saba Hashem, individually, as a member of, and derivatively on behalf of, D & H LLC
By his attorneys,

__/s/__Albert L. Farrah, Jr._____
Albert L. Farrah, Jr., Esq.
321 Columbus Avenue
Boston, MA 02116
(617) 742-7766
B.B.O. 159340
alf@farrah-law.com

---

5.  To the extent the court and the parties would benefit from a further amending of the complaint, clarifying the claims plaintiffs now seek to pursue, plaintiffs are willing to do so, and will seek discuss this matter at the time of argument on the motion to dismiss.

**CERTIFICATE OF SERVICE**

SUFFOLK, ss.                                                          February 8, 2017

       I hereby certify that a copy of this pleading was today served via the Court's CM/ECF
filing system upon all registered users in this case, including counsel for defendants.

                                                  /s/  Albert L. Farrah, Jr., Esq.
                                                 Albert L. Farrah, Jr., Esq.