UNITED STATES DISTRICT COURT
DISTRIC OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| SABA HASHEM, individually and as member of D'Angelo & Hashem, LLC,<br>    Plaintiff/Intervention-Defendant<br><br>v.<br><br>Stephen D'Angelo, individually and as a member of D'Angelo & Hashem, LLC, and D'Angelo Law Group,<br>    Defendants/Intervention-Defendants,<br><br>v.<br><br>Jennifer M. Carrion,<br>    Intervention-Plaintiff,<br><br>v.<br><br>D'Angelo & Hashem, LLC,<br>    Intervention-Defendant. | No. 1:16-cv-12383-IT |

**JENNIFER M. CARRION'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION TO INTERVENE**

NOW COMES Intervenor-Plaintiff, Jennifer M. Carrion ("Carrion"), who is a judgment creditor of Saba Hashem ("Hashem") and D'Angelo & Hashem, LLC ("D&H"), and who moves to Intervene in the above-referenced action. Carrion respectfully submits this Memorandum of Law in support of her motion.

**I. BACKGROUND**

To date, Hashem and D&H owe approximately $544,000.00 to Carrion, arising from a November 22, 2011 jury verdict finding Hashem and D&H liable to Carrion for pregnancy

1

discrimination. *See* Exs.1 through 5, (5 separate Executions in favor of Ms. Carrion); *See* Ex. 6, Intervenor's Cross-Complaint ("Carrion Compl."). Neither Hashem nor D&H has paid Carrion a cent. In addition, Hashem's law partner, Intervention-Defendant Stephen D'Angelo ("D'Angelo"), has transferred substantial assets of D&H to D'Angelo's new law firm of which he is the sole Manager, D'Angelo Law Group, without an accounting to Hashem, resulting in this litigation. *See* Ex. 7, Hashem's Verified Amended Complaint, ("Hashem's Verified Compl."), paragraphs 14-18, 22-24, 29. These assets include, without limitation, the judgments, settlements and any other proceeds from at least 100 contingency clients of D&H, the proceeds from at least 25 workers compensation cases of D&H, and any other D&H assets, including but not limited to the firm's physical plant, telephone numbers, website URL, and mailing address. *See id.* at ¶¶ 12-13, 15, 38; and Ex. 6 (Carrion Compl.), at ¶¶ 23-25, 27-28. Carrion seeks to intervene as of right to prevent further alienation of assets and to recover assets fraudulently conveyed from D&H; and to ensure payment of the judgments and executions Carrion has received against Hashem and D'Angelo & Hashem, LLC.

## II. LEGAL ARGUMENT

Rule 24(a)(2) provides for intervention as a matter of right when an applicant satisfies four criteria. *Conservation Law Found. of New England, Inc. v. Mosbacher*, 966 F.2d 39, 41 (1st Cir. 1992). First, the would-be intervenor must show that her motion is timely. *Id*. This action was filed recently by Hashem, on November 22, 2016. With D'Angelo's motion to dismiss pending, the matter remains in its early stages. Moreover, although Hashem acknowledges Carrion's outstanding judgments against him and D&H, albeit in amounts that are lower than the actual amounts, *See* Hashem's Verified Compl, Ex.7, at ¶26, neither Hashem nor D'Angelo, nor

anyone else, has provided Carrion, even to date, with actual notice of this action. Instead, Carrion learned of this action when her counsel inadvertently found it on the Court's electronic filing system. Thereafter, Carrion timely moved to intervene, satisfying the first element.

Second, the applicant must demonstrate the existence of "an interest relating to the property or transaction which is the subject of the action". *Conservation Law Found. of New England,* 966 F.2d at 41. In this case, Carrion seeks to protect her interest in the precise property that is the subject of the dispute between Hashem and D'Angelo — to wit fees from approximately 125 cases of D&H that were transferred from the judgment debtor D&H by D'Angelo to D'Angelo Law Group, and any other D&H assets. *See* Ex. 7, Hashem's Verified Compl., at ¶¶ 12-15, 24,and Ex. 6, Carrion Compl., at ¶¶ 17-21, 24-25, 27. *See Warminster Inv. Corp. v. Horizons Hotels Corp.*, 191 F.R.D. 48, 51 (D.P.R. 1999) (judgment creditor who has an interest in the property that is the subject of the action has a substantial interest in the property at issue in the case; such an interest is what Rule 24(a)(2) was "meant to protect"). Thus, the second prong is met.

Third, the applicant must show that "[d]isposition of the action may, as a practical matter, impair or impede that applicant's ability to protect the interest".  In the absence of Carrion, the result of this action will likely be the division of assets of D&H, through settlement or judgment, between D'Angelo and Hashem without payment to Carrion of the more than $543,929.23 due and owing to her as of April 1, 2017.  *See* Exs. 1 through 5.

Fourth and finally, the applicant must demonstrate that "the interest will not be adequately represented by existing parties". *Conservation Law Found. of New England,* 966 F.2d at 41. Here, Carrion stands as a judgment creditor, with executions issued based on those judgments, of Hashem and D& H.  To date, both Hashem and D&H have failed to pay a single

cent to Carrion. In addition, D&H through D'Angelo has conveyed D&H assets to D'Angelo's successor firm, without consideration, and without even an accounting to Hashem, a partner. *See* Ex. 7, Hashem's Verified Compl. at ¶¶11-17, 27. Furthermore, the Intervention-Defendants' interests as judgment debtors, is by definition, adverse to Carrion's interests.

WHEREFORE, Jennifer M. Carrion moves that she be allowed to intervene in the above-referenced case.

Respectfully submitted,
JENNIFER CARRION
By her legal counsel

/s/ Gale L. Glazer
Gale L. Glazer, Esq., BBO No. 194660
Font & Glazer
20 Melrose Street
Boston, MA 02116
T: (617) 451-2500
E: galeglazer@aol.com

/s/ Michaela C. May
Michaela C. May, Esq., BBO No. 676834
Law Office of Michaela C. May
400 Massachusetts Avenue, Suite B
Arlington, MA 02474
T: (617) 939-3021
E: attorneymay@gmail.com

/s/ Wendy A. Kaplan
Wendy A. Kaplan, Esq., BBO No. 259360
Law Office of Wendy A. Kaplan
20 Melrose Street
Boston, MA 02116
T: (617) 557-4114
E: wendykaplan@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

/s/ Gale L. Glazer
Gale L. Glazer