UNITED STATES DISTRICT COURT
DISTRIC OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| SABA HASHEM, individually and as Manager of D'Angelo & Hashem, LLC, <br>     Plaintiff/Intervention-Defendant <br><br> v. <br><br> Stephen D'Angelo, individually and as a Manager of D'Angelo & Hashem, LLC, and D'Angelo Law Group; D'Angelo & Hashem, LLC; and D'Angelo Law Group, LLC. <br><br>     Defendants/Intervention-Defendants, <br><br> v. <br><br> Jennifer M. Carrion, <br>     Intervention-Plaintiff, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:16-cv-12383-IT |

## INTERVENOR'S CROSS-COMPLAINT

### INTRODUCTION

1. Intervention-Plaintiff Jennifer M. Carrion ("Carrion") hereby intervenes as a judgment creditor of Intervention-Defendants Saba Hashem ("Hashem") and D'Angelo & Hashem, LLC ("D&H"). To date, Hashem and D&H owe approximately $544,000 to Carrion, with statutory interest that continues to accrue, arising from a 2011 jury verdict finding Hashem and D&H liable to Carrion for pregnancy discrimination. Neither Hashem nor D&H has paid Carrion one cent. Additionally, Hashem's law partner, Intervention-Defendant Stephen D'Angelo ("D'Angelo"), has transferred substantial assets of D&H to his new law firm, Intervention-Defendant D'Angelo Law Group, LLC ("D'Angelo Law

1

Group"), of which he is the sole Manager, resulting in this litigation. Carrion seeks to intervene as of right to prevent further alienation of assets and to collect over a half million dollars in judgments owed to her. Executions have been issued to Carrion and against Hashem and D'Angelo & Hashem, LLC based on those judgments.

**PARTIES**

2. The Intervention-Plaintiff Jennifer M. Carrion is a natural person residing in Lawrence, Massachusetts.

3. The Intervention-Defendant, Saba Hashem, a.k.a. Saba A. Hashem, a.k.a. Saba B. Hashem, is a natural person who on information and belief resides in Methuen, Massachusetts.

4. The Intervention-Defendant, Stephen D'Angelo, is a natural person who, on information and belief resides in Chester, New Hampshire.

5. The Intervention-Defendant, D'Angelo & Hashem, LLC ("D&H"), is a Massachusetts Limited Liability Company whose Managers at all relevant times were law partners Hashem and D'Angelo, and whose principal place of business is in North Andover, Massachusetts,

6. The Intervention-Defendant, D'Angelo Law Group, LLC ("D'Angelo Law Group"), is a Massachusetts Limited Liability Company that was founded by its sole Manager, D'Angelo, on or about November 6, 2015 and does business in Massachusetts and New Hampshire.

**FACTUAL BACKGROUND**

7. At all relevant times, D'Angelo and Hashem, have been attorneys who are licensed to practice law in Massachusetts, except that Hashem has been suspended from the practice of law since December 29, 2015.

8. At all relevant times, D'Angelo and Hashem have been the sole Managers and law partners of the Limited Liability Company, D&H, which is a law firm in which Carrion was previously employed as an administrative assistant.

9. On May 14, 2007, Carrion filed claims for pregnancy discrimination and retaliation in Suffolk Superior Court ("the Superior Court") under Mass. Gen. Laws. ch. 151B, § 4 ("Chapter 151B") against D&H and Hashem.

10. On November 22, 2011, a Suffolk County Superior Court jury found that D&H and Hashem unlawfully terminated Carrion's employment because she was pregnant, and in doing so, the jury assessed damages in the gross amount of **$100,000**, which the Court deemed as follows:

    a. **$14,000**, as against Hashem, and
    b. **$86,000**, as against D&H.

11. On May 29, 2012, a judge of the Superior Court (Connolly, J.), entered an order finding D&H and Hashem jointly and severally liable to Carrion for attorneys' fees and costs in the gross amount of **$143,374.54.**

12. On December 9, 2014, the Appeals Court upheld the jury's verdict of $100,000 as against D&H and Hashem on Carrion's count of pregnancy discrimination; and reversed as to a count of retaliation not relevant here.

13. On January 30, 2015, the Supreme Judicial Court denied Hashem's and D&H's request for Further Appellate Review.

14. On or about April 1, 2015, the Appeals Court awarded Carrion appellate attorneys' fees and costs in the gross amount of **$61,075.11**, for which Hashem and D&H are jointly and severally liable.

15. On December 3, 2015, the Supreme Judicial Court awarded Carrion appellate attorneys' fees and costs in the gross amount of $**3,081.53**, for which Hashem and D&H are jointly and severally liable.

16. Judgments have issued from the Suffolk Superior Court, and executions based on those judgments are attached to Carrion's memorandum in support of her motion to Intervene.

17. Executions on the judgments issued as against Hashem and D&H, which are attached as exhibits to Carrion's Memorandum in Support of Motion to Intervene, are as follows:

    a. Execution Dated October 6, 2016, on Judgment after Rescript dated April 17, 2015, as to Hashem, in the amount of **$32,212.12**, for the jury's award of emotional distress, as against Hashem on Carrion's claim of discrimination (with statutory interest calculated to April 1, 2017, the amount owed is **$34,085.60**), see Exhibit 1 to Memorandum;

    b. Execution Dated October 6, 2016, on Judgment after Rescript dated April 17, 2015, as to D&H, in the amount of **$185,592.71**, for the jury's award of emotional distress and back pay, as against D&H on Carrion's claim of discrimination (with statutory interest calculated to April 1, 2017, the amount owed is **$196,392.68**), see Exhibit 2 to Memorandum;

    c. Execution Dated October 6, 2016, on Judgment after Rescript dated April 17, 2015, as to Hashem and D&H, jointly and severally, in the amount of **$220,484.23**, for the Superior Court's award of attorneys' fees and costs (with

statutory interest calculated to April 1, 2017, the amount owed is **$233,314.60**), see Exhibit 3 to Memorandum;

d. Execution dated June 12, 2015, as to Hashem and D&H, jointly and severally, in the amount of **$62,909.71**, for the Massachusetts Appeals Court's award of appellate attorneys' fees and costs (with statutory interest calculated to April 1, 2017, the amount owed is **$76,539.57**), see Exhibit 4 to Memorandum; and

e. Execution dated October 6, 2016, as to Hashem and D&H, jointly and severally, in the amount of **$3,398.04**, for the Supreme Judicial Court's award of attorneys' fees and costs for representation at the Supreme Judicial Court (with statutory interest calculated to April 1, 2017, the amount owed is **$3,595.78**), see Exhibit 5 to Memorandum.

18. As of April 1, 2017, Hashem and D&H are liable to Carrion in the gross amount of **$543,929.23**, including statutory interest accrued to that date. Moreover, the unsatisfied judgments continue to accrue interest at the Commonwealth's statutory rate of 12% per annum.

19. At no point has D&H or Hashem satisfied any portion of the judgments against them.

20. As of this filing, neither D&H nor Hashem have paid Carrion a single cent toward the judgment issued by a jury more than five years ago and upheld by the Massachusetts Appeals Court and the Supreme Judicial Court; nor have they paid a single cent toward attorneys' fees and costs awarded by the Superior Court, the Massachusetts Appeals Court, and the Supreme Judicial Court.

21. The Intervention-Defendants have taken overt action to avoid their legal responsibility to pay Carrion, with the purpose and effect of depriving her of her judgments.

22. Such actions to obscure assets include without limitation the conveyance by Hashem of his interest in real property, located at 318 Broadway, Methuen Massachusetts, to his mother, Hiam Hashem, for $1 on or about July 3, 2008, which was after the filing of Carrion's complaint, and, on information and belief, the concealment and movement of assets by Hashem abroad, to Lebanon.

23. Moreover, assets of D&H have been improperly conveyed to D'Angelo's law firm, D'Angelo Law Group.

24. D'Angelo Law Group has co-opted, without limitation, the telephone numbers, website URL, physical plant, address, and employees of D&H.

25. Further, according to Hashem's verified complaint and verified amended complaint in this action:

    (A) D'Angelo formed D'Angelo Law Group on or about November 6, 2015;

    (B) As of November 6, 2015, D&H was a signatory to at least one-hundred (100) contingent fee agreements with personal injury clients;

    (C) As of November 6, 2015, D&H was a signatory to at least twenty-five (25) fee agreements whereby clients agreed to be represented by D&H in matters arising under the Workers Compensation Act, M.G.L. c. 152;

    (D) Beginning on November 6, 2015 and continuing thereafter, D'Angelo caused said clients of D&H to terminate their relationship with D&H and enter into agreements with D'Angelo Law Group; and

    (E) Since November 6, 2015 and continuing thereafter, D'Angelo caused D'Angelo Law Group to collect fees that belonged to D&H and that would have been paid to D&H but for D'Angelo's actions.

# INTERVENOR'S CLAIMS

## COUNT I
## FRADULENT CONVEYANCE ACTION
## UNDER UNIFORM FRADULENT TRANSFER ACT

26. Carrion hereby repeats and reavers the allegations made in the preceding Paragraphs as if fully set forth herein.

27. Assets of D&H have included, without limitation, the law firm's entitlement to attorneys' fees for litigation in which it engaged as D&H; equipment; other tangible property; and good will.

28. At a minimum, the Intervention-Defendant D'Angelo conveyed, without consideration of a reasonably equivalent value, assets of D&H to D'Angelo Law Group, whose sole Manager, D'Angelo, was also a Manager of the D&H, and who therefore is an insider.

29. Such conveyances were made after Carrion's claims against D&H and Hashem arose and with intent to defraud Carrion.

30. Such conveyances included, without limitation, the transfer of cases (including attorneys' fees) from D&H to D'Angelo's law firm, D'Angelo Law Group.

31. Such conveyances were concealed, while at the same time, the Intervention-Defendants continued to fail to pay the judgments against them that were awarded to Carrion.

32. On information and belief, such conveyances rendered or are intended to render D&H insolvent.

33. Following such conveyances, the Intervention-Defendants, and in particular D'Angelo, as the sole Manager of D'Angelo Law Group, LLC, retained control over the transferred assets and continued to benefit from them.

34. The aforementioned actions violate Mass. Gen. Laws ch. 109A §§ 5 and 6, the Uniform Fraudulent Transfer Act.

WHEREFORE Carrion demands relief, as set forth in Mass. Gen. Laws ch. 109A § 8, including without limitation:

(A) That an injunction issue prohibiting the Intervention-Defendants from alienating, conveying, transferring or hypothecating or otherwise disposing of any assets held by D'Angelo Law Group and/or D&H to (a) Hashem or D'Angelo pending the outcome of this litigation and, thereafter, until full satisfaction of Carrion's judgments against D&H and Hashem;

(B) That the Court rescind and void the Intervention-Defendants' fraudulent transfers to the extent necessary to satisfy Carrion's judgments against Hashem and D&H; and therefore that the assets hidden, defrauded, and hindered by the Intervention-Defendants remain subject to Carrion's anticipated Judgments in her favor in this Court;

(C) That Carrion be permitted to levy execution on assets transferred in fraudulent conveyance; and

(D) That the parties Hashem and D'Angelo provide to intervenor Carrion and to this Court any proposed settlement for review and prior approval by this Court;

(E) That this Court grant any other relief the circumstances may require.

## COUNT II
## REACH AND APPLY

35. Carrion hereby repeats and reavers the allegations made in the preceding Paragraphs as if fully set forth herein.

36. Carrion seeks to reach and apply the beneficial interests of Hashem in D&H held by Reach-and Apply Defendants D'Angelo and D'Angelo Law Group; such assets include, but are not limited to, capital of Hashem and attorneys' fees payable to Hashem.

37. Carrion also seeks to reach and apply the beneficial interests of D&H held by Reach-and Apply Defendants D'Angelo, and D'Angelo Law Group; such assets include, but are not limited, to capital of D&H and attorneys' fees payable to D&H.

WHEREFORE Carrion demands relief as follows:

(A) That the Assets hidden, defrauded, and hindered by the Intervention-Defendants remain subject to Carrion's judgments and executions against D&H and Hashem;

(B) That said judgments and executions be paid to Carrion forthwith;

(C) That the parties Hashem and D'Angelo provide to intervenor Carrion and to this Court any proposed settlement for review and prior approval by this Court; and

(D) That this Court afford all other relief it deems just and proper.

Respectfully Submitted,
Jennifer M. Carrion, Intervenor-Plaintiff,
By Her Attorneys,

/s/ Gale L. Glazer
Gale L. Glazer, Esq., BBO No. 194660
Font & Glazer
20 Melrose Street
Boston, MA 02116
T: (617) 451-2500
E: galeglazer@aol.com

/s/ Michaela C. May
Michaela C. May, Esq., BBO No. 676834
Law Office of Michaela C. May
400 Massachusetts Avenue, Suite B
Arlington, MA 02474

T: (617) 939-3021
E: attorneymay@gmail.com

/s/ Wendy A. Kaplan
Wendy A. Kaplan, Esq., BBO No. 259360
Law Office of Wendy A. Kaplan
20 Melrose Street
Boston, MA 02116
T: (617) 557-4114
E: wendykaplan@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

/s/ Gale L. Glazer
Gale L. Glazer