UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| Saba Hashem, Individually, and as a Member of, and derivatively on behalf of, D'Angelo and Hashem, LLC <br><br> Plaintiff <br><br> V. <br><br> Stephen L. D'Angelo, D'Angelo and Hashem, LLC and D'Angelo Law Group LLC <br><br> Defendants | Civil Action No: 1:16-cv-12383-IT |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCLOSURE AND DISCOVERY

Plaintiff Saba Hashem, individually and as a member of, and derivatives on behalf of, D'Angelo and Hashem, LLC, pursuant to the provisions of Fed. R. Civ. P. 37(a) and Mass. Fed. Dist. Ct. Local Rule 37.1, seeks an order compelling defendants Stephen L. D'Angelo, D'Angelo and Hashem, LLC and D'Angelo Law Group LLC to make their respective mandatory disclosures as required by Fed. R. Civ. P. 26(a) and Local Rule 26.2(a), and an order compelling Mr. D'Angelo to respond to discovery requests served upon him prior to removal as required by Local Rule 26.2(d), disclosures and responses to which are long overdue, and defense counsel has not participated in a discovery conference as required despite plaintiff's counsel's best efforts.

As set forth more fully below, plaintiff's motion should be allowed and he should be awarded his reasonable expenses incurred in making this motion, including attorney's fees.

Facts Relevant To This Motion

On September 16, 2016, Mr. Hashem, on his own behalf and on behalf of D & H LLC, filed a four count complaint in Essex County (Massachusetts) Superior Court, alleging Mr. D'Angelo's breach of his fiduciary duty to Mr. Hashem and D & H LLC, his interference with D & H LLC's advantageous contractual and business relationships with the Contingent Fee Clients and C. 152 Clients and the wrongful diversion of assets belonging to D & H LLC to D'Angelo LLC. In that action plaintiff sought money damages, an accounting and injunctive and equitable relief. On November 25, 2016 defendants removed the action to this Court.

Prior to removal, plaintiff served requests for production and propounded interrogatories upon Mr. D'Angelo on September 29, 2016. Nearly 10 months later, no response to either set has been received, despite an obligation to so respond within 20 days of removal. In addition, and despite plaintiff's mandatory disclosure served upon defendants approximately 5 months ago on February 14, 2017, no defendant has made that mandatory disclosure to plaintiff.

On April 25, 2017 plaintiff's counsel requested a discovery conference with counsel for defendants. Over a month later on May 26, 2017, defense counsel suggested some dates for that conference. From the date of the initial request for that conference until early June, 2017, counsel for the parties briefly attempted to schedule a conference. However, on June 2, 2017 defense counsel stated that any such conference was "premature" given that defendants' motion to dismiss was still pending. Despite plaintiff's best efforts, no such conference has been held to date.

Law And Argument

Fed. R. Civ. P. 37(a)(3)(A) provides that a party may move to compel disclosure and for appropriate sanctions where the nonmoving party fails to make the automatic disclosures required by Rule 26(a), and subsection (B) provides the same for a party's failure to respond to

discovery requests. See, Fed. R. Civ. P. 26(a) and U.S. District Court, Mass., Local Rule 26.2(a) and (d), requiring the parties to automatically make disclosures within 14 days after the meeting required by Fed. R. Civ. P. 26(f) and Local Rule 16.1(b), and Local Rule 26.2(d), requiring the parties to respond to discovery requests served upon them in the state court action prior to removal to federal court. Here, all defendants have failed to timely make their required disclosures, which the plaintiff made on February 14, 2017, approximately 5 months before the filing of this motion. In addition, discovery requests were served upon Mr. D'Angelo in the state court proceeding prior to removal. Nearly 10 months have passed since removal to this Court and no responses have been received, despite Mr. D'Angelo's obligation to serve such responses within 20 days of removal. See, id.

Before moving to compel, counsel for the moving party must first request a conference with the non-moving party's counsel, as was done here. Sanctions may be imposed if the non-moving party's counsel fails to respond to the request for a discovery conference within 7 days, or fails to attend such a conference within 14 days of that request, or if disputed issues are not resolved at any conference held. Fed. R. Civ. P. 37(a)(5)(A) and Local Rule 37.1(a). Here, no conference was held despite plaintiff's request and the time within which to do so has passed, and no responses to discovery requests or mandatory disclosures have been received.

## Conclusion

For the reasons set forth herein, this motion should be allowed and plaintiff should be awarded his reasonable expenses in having to file this motion as provided under applicable rules.

Saba Hashem, individually, as a member of, and derivatively on behalf of, D & H LLC
By his attorneys,

  /s/  Albert L. Farrah, Jr.
Albert L. Farrah, Jr., Esq.
321 Columbus Avenue
Boston, MA 02116
(617) 742-7766
B.B.O. 159340
alf@farrah-law.com

## CERTIFICATE OF SERVICE

SUFFOLK, ss. July 25, 2017

I hereby certify that a copy of this pleading was today served via the Court's CM/ECF filing system upon all registered users in this case, including counsel for defendants.

  /s/  Albert L. Farrah, Jr., Esq.
Albert L. Farrah, Jr., Esq.