UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SABA HASHEM, individually, and as a member of, and derivatively on behalf of, D'Angelo and Hashem, LLC, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 16-cv-12383-IT |
| STEPHEN D'ANGELO, D'ANGELO LAW GROUP, LLC, and D'ANGELO AND HASHEM, LLC., | * * * * | |
| Defendants. | * * | |

MEMORANDUM & ORDER

July 27, 2017

TALWANI, D.J.

The underlying case arises from a dispute between two former law partners regarding, *inter alia*, the assets of their law firm, D'Angelo and Hashem, LLC ("D&H"). Before this court is Jennifer M. Carrion's Motion to Intervene [#26] as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Ms. Carrion, a former employee of D&H, is a judgment creditor of Hashem and D&H, following a November 22, 2011, jury verdict finding them liable for pregnancy discrimination. She seeks to pursue cross-claims against all parties in the underlying action. Defendants Stephen D'Angelo and D'Angelo Law Group oppose the motion.[1]

---

[1] Hashem does not oppose intervention, though he disputes the amounts claimed as due. See Pl.'s Verified Am. Comp. ¶ 26 [#13]; see also Jennifer M. Carrion's Mem. L. Supp. Mot. Intervene ["Carrion's Mem."] Ex. 6 ¶ 1 [#27-6] (Proposed Cross-Complaint). The position of D&H is unclear; the docket entry indicates that Defendants Stephen D'Angelo, D'Angelo Law Group, LLC, and D&H filed a memorandum in opposition, see Defs.' Obj. Jennifer Carrion's Mot. Intervene [#33], but defense counsel signed the memorandum on behalf of only Stephen D'Angelo and D'Angelo Law Group, LLC, id. at 17.

1

For the following reasons, Ms. Carrion's Motion to Intervene [#26] is ALLOWED.

I. Standard

Rule 24(a)(2) allows intervention as a matter of right if a would-be intervenor meets four requirements:

1. The application must be timely . . . ;
2. The applicant must claim an interest relating to the property or transaction which is the subject of the action;
3. Disposition of the action may, as a practical matter, impair or impede that applicant's ability to protect the interest; and
4. The applicant must show that the interest will not be adequately represented by existing parties.

Conservation Law Found. of New Eng., Inc. v. Mosbacher, 966 F.2d 39, 41 (1st Cir. 1992). A would-be intervenor who does not meet any one of these requirements cannot intervene as a matter of right. See Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989). The "imprecision" of Rule 24(a)(2)'s individual requirements mandates, however, that they "'be read not discretely, but together,' and always with a commonsense view of the overall litigation." Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 204 (1st Cir. 1998) (quoting United States v. Hooker Chems. & Plastics Corp., 749 F.2d 968, 983 (2d Cir.1984)). "Because small differences in fact patterns can significantly affect the outcome, the very nature of a Rule 24(a)(2) inquiry limits the utility of comparisons among published opinions." Id.

II. Analysis

Since there is no dispute as to the timeliness of the motion, the court considers the remaining three requirements for intervention under Rule 24(a)(2).

A. *Interest in the Property or Transaction*

To claim an interest relating to the property or transaction which is the subject of the action, a would-be intervenor must show that he or she has a "significantly protectable interest."

Id. at 205 (quoting Donaldson v. United States, 400 U.S. 517, 531 (1971)). "Potential economic harm to a would-be intervenor is a factor that warrants serious consideration in the interest inquiry." Id. Additionally, the interest involved must be direct rather than contingent. Travelers Indem. Co., 884 F.2d at 638.

Ms. Carrion claims an interest relating to the property which is the subject of this action because she has obtained judgments against Mr. Hashem and D&H for approximately $500,000. Carrion's Mem. Ex. A [#27-1] (Execution as to Hashem); Ex. B (Execution as to D&H) [#27-2]; Ex. C [#27-3] (Execution as to Hashem and D&H); Ex. D [#27-4] (Execution as to Hashem and D&H); Ex. E [#27-5] (Execution as to Hashem and D&H). The judgment against D&H is an interest in the subject of the dispute between Mr. Hashem and Mr. D'Angelo—the assets of D&H. Thus, Ms. Carrion has a direct interest in the property which is the subject of the action. Additionally, the outcome of this litigation may lead to a division of D&H's assets between Mr. Hashem and Mr. D'Angelo. Since D&H is a judgment debtor to Ms. Carrion, it is therefore likely that she would face economic harm if she were not permitted to intervene in order to protect her own interest in the disputed assets.

While Mr. D'Angelo cites to multiple cases outside this circuit for the proposition that "a judgment creditor may not intervene in a case as a matter of right under Fed. R. Civ. P. 24," Def.'s Obj. Jennifer Carrion's Mot. Intervene 13 [#33], this is not an accurate statement of First Circuit precedent. In Patch, the First Circuit intimated that economic harm may be sufficient as long as the ongoing litigation "directly threatens an economic right or benefit presently enjoyed by [the] would-be intervenor." 136 F.3d at 205. Here, the litigation between Mr. Hashem and Mr. D'Angelo directly threatens Ms. Carrion's present economic right to her judgment against D&H for the above-stated reasons. Thus, though not every economic interest is sufficient to

sustain intervention as a matter of right within the First Circuit, Ms. Carrion's interest in protecting her judgment against D&H fits within the category of "an economic right presently enjoyed," and is sufficient to support her intervention in this case. Id.

Accordingly, Ms. Carrion claims an interest relating to the property or transaction which is the subject of this action, because she has a direct, significantly protectable interest in the assets that are at issue between the parties.

### B. Impairment or Impediment to Ability to Protect the Interest

The ongoing litigation between Mr. Hashem and Mr. D'Angelo directly threatens Ms. Carrion's economic right, because Ms. Carrion already has a judgment and execution against D&H. This is not a case where the would-be intervenor "root[s] [her] professed economic interest in an as yet unrealized expectancy." See Patch, 136 F.3d at 205-06. If Ms. Carrion were not allowed to intervene, her ability to collect from D&H may be impeded because the result of this action may be a division of D&H's assets between Mr. Hashem and Mr. D'Angelo, without payment to Ms. Carrion of the money owed to her. Accordingly, Ms. Carrion has shown that disposition of the action in her absence may, as a practical matter, impair or impede her ability to protect her interest in D&H's assets.

### C. Representation of Interests By Existing Parties

To demonstrate that his or her interest will not be adequately represented by the existing parties, "[a]n intervenor need only show that representation may be inadequate, not that it is inadequate." Conservation Law Found., 966 F.2d at 44. However, a would-be intervenor "must produce something more than speculation as to the purported inadequacy." Moosehead Sanitary Dist. v. S.G. Phillips Corp., 610 F.2d 49, 54 (1st Cir. 1979). Additionally, where the would-be intervenor "has the same ultimate goal as a party already in the suit, courts have applied a

4

presumption of adequate representation." Id.

Here, Ms. Carrion has shown that her representation by the existing parties is inadequate where Mr. Hashem and D&H allegedly have not yet paid her the money that they owe to her from the outstanding judgments against them, and there is no evidence that Mr. Hashem and Mr. D'Angelo will consider her interests in resolving their own dispute over D&H's assets.

Ms. Carrion has thus demonstrated that her interests may not be adequately represented by the existing parties.

   III.   Conclusion

For the foregoing reasons, Jennifer M. Carrion's Motion to Intervene [#26] is ALLOWED.

   IT IS SO ORDERED.

Date: July 27, 2017                                        /s/ Indira Talwani
                                                           United States District Judge