UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| SABA HASHEM, Individually and Derivatively on behalf of D'ANGELO & HASHEM, LLC Plaintiffs | } } } } } | CIVIL ACTION NO: 1:16-CV-12383-IT |
| v. | } } | |
| STEPHEN L. D'ANGELO D'ANGELO LAW GROUP, LLC, and nominally, D'ANGELO & HASHEM, LLC Defendants | } } } } } | |

**MOTION FOR LEAVE TO RESPOND TO ORDER
DATED JULY 27, 2017 (Doc. No. 37)
WITH RESPONSE TO COURT'S REQUESTED CLARIFICATION**

NOW COMES Counsel for Stephen L. D'Angelo and the D'Angelo Law Group, LLC and requests that this Court allow this Response to its Order dated July 27, 2017. In support thereof, the undersigned avers as follows:

1. The undersigned became seriously ill in early June and developed sepsis which required two (2) surgeries and hospitalization for a week. The undersigned was discharged from the hospital on the evening of June 29, 2017 and has been receiving daily surgery wound care as an out-patient and has been taking various medicines which rendered him unable to monitor emails or perform work on a regular basis until only recently.

2. The undersigned has reviewed the July 27, 2017 Order. The Court asked whether D'Angelo and Hashem, LLC is a party to the pending motion to dismiss. The Court ostensibly asked this question because the

motion to dismiss, when filed, included that entity (D'Angelo and Hashem, LLC) but the undersigned's *jurat* did <u>not</u> include D'Angelo and Hashem, LLC.  The undersigned avers as follows:

3.     A suspended lawyer is a non-lawyer.  <u>See</u> Mass.R.Civ.P. 5.4; <u>see also</u> <u>Office of Disciplinary Counsel</u> v. <u>Jackson</u>, 637 A.2d 615 (PA 1994)(suspended or disbarred attorney is a "non-lawyer");<u>Texas Professional Ethics Committee Opinion</u> No. 592 (2010); <u>Nebraska Ethics Advisory Opinion</u> No. 11-01; <u>Parquit Corp.</u> v. <u>Ross</u>, 273 Or 900, 901, 543 P2d 1070 (1975)  (treating suspended lawyer as nonlawyer); OSB Formal Ethics Op No 2005-24; <u>Office of Disciplinary Counsel</u> v. <u>McCord</u>, 905 N.E.2d 1182, 1189 (Ohio 2009)(concluding lawyer's receipt of attorney fees while suspended from practice of law was improper and actionable as ethics violation).  when Mr. Hashem was suspended, Mr. D'Angelo had to make available to all clients of D'Angelo & Hashem their files if they wanted to take them. S.J.C. Rule 4:01 §17(1)(e). Mr. D'Angelo had to create a new entity to practice law other than D'Angelo and Hashem because of the fact that Mr. Hashem was a manager and member of D'Angelo & Hashem Mass.R.Prof.C. 5.4(d), dictates:

> "A lawyer shall not practice with or in the form of a limited liability entity authorized to practice law for profit if: (1) a nonlawyer owns any interest therein; (2) a nonlawyer is an officer or corporate director or limited liability company manger thereof....".

S. J.C Rule 4:01, Bar Discipline, § 17(7) provides: "…no lawyer or law firm shall knowingly employ or otherwise engage directly or indirectly, in any capacity, a person who is suspended or disbarred by any court." S.J.C. Rule 3.06(2)(a) and (b) provider that only members of the bar in good standing may be a director or manager of a limited

liability company, and that if one is suspended or disbarred that he/she is to dispose of their shares.

4.    Therefore, because it is the position of Stephen D'Angelo and the D'Angelo Law Group, LLC that D'Angelo and Hashem, LLC was not a legal entity, under the applicable rules of professional conduct, upon the suspension from the practice of law of Saba Hashem or perhaps sooner, D'Angelo and Hashem, LLC was not and could not be a moving party to the motion to dismiss.

5.    The Plaintiff elected to sue D'Angelo and Hashem, LLC and the inclusion of that entity by the Defendants in any caption, *jurat* or pleading merely reflects that; D'Angelo and Hashem, LLC should not have been named as a party by the Plaintiff because it is not a valid law firm and exists in name only.

<div style="margin-left: 40%;">

Respectfully submitted,
Stephen L. D'Angelo
D'Angelo Law Group, LLC
By their Attorneys,

</div>

Dated:     8-4-17              /s/  William J. Amann

<div style="margin-left: 40%;">

William J. Amann, Esq.
MA BBO # 648511
Craig, Deachman & Amann, PLLC
1662 Elm St., #100
Manchester, NH 03101
603-665-9111
wamann@cda-law.com

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served via the Court's ECF filing system upon all counsel of record as of the date indicated below.

Dated:      8-4-17                    /s/ William J. Amann

Albert L. Farrah
One Washington Mall
5th floor
Boston, MA 02108

Michaela C. May
Law Office of Paul H. Merry
50 Congress Street
Suite 1000
Boston, MA 02109

Wendy A. Kaplan
Law Office of Wendy A. Kaplan
20 Melrose Street
Boston, MA 02116


**Gale L. Glazer**
Font & Glazer
20 Melrose Street
Boston, MA 02116