### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

| | |
|---|---|
| ———————————————— )<br>Saba Hashem, Individually, and as a )<br>Member of, and derivatively on behalf of, )<br>D'Angelo and Hashem, LLC )<br>     )<br>        Plaintiff )<br>V.    )<br>     )<br>Stephen L. D'Angelo, )<br>D'Angelo and Hashem, LLC )<br>and D'Angelo Law Group LLC )<br>     )<br>        Defendants )<br>————————————————) | Civil Action No: 1:16-cv-12383-IT |

### <u>VERIFIED SECOND AMENDED COMPLAINT</u>

1.      Saba Hashem ("Mr. Hashem") is an adult and a resident of Methuen, Essex County, Massachusetts.

2.       Stephen L. D'Angelo ("Mr. D'Angelo") is an adult and a resident of Chester, Rockingham County, Massachusetts.

3.      D'Angelo Law Group LLC, is a limited liability company with a principal place of business in North Andover, Massachusetts.

4.      Mr. Hashem and Mr. D'Angelo are both attorneys.  Mr. Hashem's license to practice law in Massachusetts is was suspended until June 29, 2017.

5.      Mr. Hashem is in full compliance with all of the conditions of his suspension, and plans to petition for reinstatement.

6.      On January 12, 2000, Mr. Hashem and Mr. D'Angelo formed D'Angelo and Hashem, LLC ("D & H LLC"), a limited liability company, that, as is required by law, is named in this action nominally as a defendant.

7.      Each is a member of D & H LLC.  As a member, each is entitled to an equal share of the profits and losses of D & H LLC.

8.      Mr. D'Angelo at all times owed Mr. Hashem and D & H LLC a fiduciary duty of the utmost good faith and loyalty, a duty that required he do nothing to prefer his interests over those of Mr. Hashem or D & H LLC.

9.      Mr. Hashem brings this action in his own right, and derivatively on behalf of D & H LLC.

10.     On or about November 6, 2015, Mr. D'Angelo formed D'Angelo Law Group LLC.  He is the sole manager and member of D'Angelo Law Group LLC.

11.     As of November 6, 2015, D & H LLC was signatory, as attorney, to at least one hundred (100) contingent fee agreements with personal injury clients of the law firm D & H LLC (the "Contingent Fee Clients").

12.     As of November 6, 2015, D & H LLC was signatory, as attorney, to approximately twenty-five (25) fee agreements whereby clients agreed to be represented by D & H LLC in matters arising under the Massachusetts Workers Compensation Act, G.L., c 152 (the "C. 152 Clients"). (Collectively, the Contingent Fee Clients and the the C. 152 Clients are hereafter referred to as the "Clients").

13.     Major assets of a law firm are its work in process and the expected fees it will receive from unfinished business currently being transacted.

14.    As of the time of Mr. Hashem's temporary suspension, D & H LLC had rendered valuable legal services to each of those Clients and the matters in which those Clients were represented at the time of transfer were in various states of resolution.

15.    Consequently, the services D & H LLC performed for such Clients had value, and the opportunity to take over the representation of such Clients, an opportunity open to any licensed Massachusetts attorney, had value.

16.    As of the date of Mr. Hashem's suspension from the practice of the law, D & H LLC, in which he owned a 50% interest, could no longer represent any of the Clients.

17.  At that point Mr. Hashem and Mr. D'Angelo had the option of having Mr. D'Angelo pay Mr. Hashem the fair value of Mr. Hashem's interest in D & H LLC, and receive in return Mr. Hashem's 50% interest in D & H LLC.

18.    Mr. Hashem and Mr. D'Angelo also had the option to transfer D & H LLC's representation of the Clients to one or more other law firms, including D'Angelo Law Group LLC, in return for payment to D & H LLC of the fair value of the work D & H LLC had performed to the date of Mr. Hashem's suspension.

19.  Mr. D'Angelo did not pay Mr. Hashem the value of his 50% interest in D & H LLC and the opportunity to take over representation of the Clients was not offered to other law firms.

20.  Instead, beginning on November 6, 2015 and continuing thereafter, Mr. D'Angelo improperly caused most if not all of the Clients to terminate their business or contractual relationship with D & H LLC and enter into agreements with D'Angelo Law Group LLC, of which he is sole owner.

21. Neither Mr. D'Angelo nor D'Angelo Law Group LLC has paid any compensation to D & H LLC, despite an obligation to do so, let alone fair and reasonable value, in return for the valuable services D & H LLC rendered to those Clients.

22.    Mr. D'Angelo took advantage of an opportunity to capitalize on Mr. Hashem's temporary suspension and, in a flagrant breach of his fiduciary duties to D & H LLC and Mr. Hashem, with whom he had a more than fifteen (15) year long relationship, improperly caused the transfer over one hundred twenty five (125) active case files from an ongoing concern, D & H LLC, to D'Angelo LLC, for no consideration and in violation of applicable law.

23.    Mr. D'Angelo and D'Angelo Law Group LLC converted valuable assets of D & H LLC.

24.    On information and belief, since November 6, 2015, Mr. D'Angelo has caused D'Angelo Law Group LLC to collect fees that in part reflect work performed by D & H LLC prior to Mr. Hashem's suspension, for which neither he nor D'Angelo Law Group LLC has compensated D & H LLC or Mr. Hashem.

25.    On information and belief, Mr. D'Angelo intends to cause D'Angelo Law Group LLC to collect fees that in part reflect work performed by D & H LLC prior to Mr. Hashem's suspension, for which neither he nor D'Angelo Law Group LLC intends to compensate D & H LLC or Mr. Hashem.

26.    Neither Mr. Hashem nor D & H LLC were notified in advance of or consented to such a transfer of representation of the Clients to D'Angelo Law Group LLC.

27.    On December 26, 2016 Mr. Hashem resigned as manager of D & H LLC.  Neither Mr. Hashem nor Mr. D'Angelo has taken any action to dissolve D & H LLC.

28.        Mr. D'Angelo and D'Angelo Law Group LLC have wrongfully interfered with the ad-

vantageous business and contractual relationships D & H LLC enjoyed with the Contingent Fee

Clients and C. 152 Clients.

29.        By improperly causing the Clients to terminate their contractual relationships with D

& H LLC and to enter into agreements with D'Angelo Law Group LLC, and then causing

D'Angelo Law Group LLC to collect fees that in part belong to D & H LLC, Mr. D'Angelo has

breached his fiduciary duty of utmost good faith and loyalty owed to Mr. Hashem and D & H

LLC.

30.        D & H LLC had no operating agreement, and consequently no charter as required by

Supreme Judicial Court Rule 3.06(2) mandating that a suspended attorney tender his interest.

At the same time, nothing in the rule requires Mr. Hashem forfeit the value of that interest as

part of the process of tendering.

31.        The accounting he has requested will establish the value of that interest, in part by de-

termining the value of the various contingent fee and worker's compensation fee agreements to

which D & H LLC was a party, as well as other assets of D & H LLC and, of course, its liabili-

ties.

32.        On or about 2007 Jennifer Carrion, a former employee of D & H LLC, commenced an

employment discrimination lawsuit against D & H LLC and Mr. Hashem, but not Mr. D'Ange-

lo, despite that many of the actions about which she complained were actions taken, or ap-

proved of by, Mr. D'Angelo.

33.        As a result of a jury verdict in that action, and the awards of attorneys' fees subsequent-

ly made in connection with the appeals taken by the defendants, D & H LLC is solely liable to

Ms. Carrion in the amount of at least $180,717, Mr. Hashem is solely liable to Ms. Carrion in the amount of at least $29,414, and D & H LLC and Mr. Hashem are jointly and severally liable to Ms. Carrion in the amount of at least $288,503.

34.     Mr. Hashem has requested an accounting from Mr. D'Angelo of the financial activity and condition of D & H LLC, and of what assets of D & H LLC he has caused to be transferred to D'Angelo Law Group LLC, but  Mr. D'Angelo has at all times refused to provide such an accounting.

35.     Mr. Hashem and Mr. D'Angelo are the only members of D & H LLC.

36.     Because, all as described herein, Mr. D'Angelo has breached his fiduciary duty to Mr. Hashem and D & H LLC, and along with D'Angelo Law Group LLC interfered with D & H LLC's advantageous contractual and business relationships with Clients and wrongfully converted assets belonging to D & H LLC, demand upon Mr. D'Angelo, individually or as an officer, member, manager or owner of an interest in D & H LLC to take action, including instituting a lawsuit against himself or D'Angelo Law Group LLC in connection with the wrongful acts described above would have been futile, and consequently no such demand is required by law or was made upon Mr. D'Angelo.

37.     There is no operating agreement for D & H LLC, and Mr. Hashem has standing to bring this action as a member of D & H LLC pursuant to M.G.L. c. 156C, sections 29 and 56.

38.     Mr. Hashem, as the owner of 100% of the unreturned contributions to D & H LLC determined in accordance with G.L., c. 156C, section 29, has authorized himself by vote to commence this action on behalf of D & H LLC.

39.     Because Mr. D'Angelo's interest in the outcome of this lawsuit is adverse to the interest of

D & H LLC, Mr. D'Angelo's ownership interest in the unreturned contributions to D & H LLC

determined in accordance with G.L., c. 156C, section 29 is therefore excluded in determining

whether Mr. Hashem's vote to commence this derivative action on behalf of D & H LLC com-

plies with law.

## Count One
## Breach of Fiduciary Duty

40.     Paragraphs 1- 39 above are realleged as if set forth in full.

41.     By his actions described herein, including causing Clients to terminate their business or

contractual relationships with D & H LLC and enter into agreements with D'Angelo Law

Group LLC, of which he is sole owner, Mr. D'Angelo improperly sought to secure for himself

and D'Angelo Law Group LLC income that properly belongs to D & H LLC, and to improperly

shift the burden of paying money owed to Ms. Carrion onto Mr. Hashem, and by such actions

breached his fiduciary duty to Mr. Hashem and D & H LLC and has caused, and will continue

to cause both to suffer financial loss.

## Count Two
## Interference With Advantageous Business and Contractual Relationships

42.     Paragraphs 1- 41 above are realleged as if set forth in full.

43.     By their actions described herein Mr. D'Angelo and D'Angelo Law Group LLC have

interfered with D & H LLC's advantageous business and contractual relationships with its

Clients and caused both Mr. Hashem and D & H LLC financial loss.

**Count Three**
**Conversion**

44.     Paragraphs 1- 43 above are realleged as if set forth in full.

45.     Mr. D'Angelo and D'Angelo Law Group LLC have improperly converted assets belong-

ing to D & H LLC.

**Count Four**
**Quantum Meruit**

46.     Paragraphs 1- 45 above are realleged as if set forth in full.

**47.**     Mr. D'Angelo and D'Angelo Law Group LLC have received the fair and reasonable value

of work performed by D & H LLC for which they have not compensated D & H LLC or Mr.

Hashem.

**Count Five**
**Accounting**

48.     Paragraphs 1- 47 above are realleged as if set forth in full.

49.      D & H LLC and Mr. Hashem are entitled to a complete accounting of the financial activi-

ty and condition of D & H LLC and D'Angelo Law Group LLC, including an accounting of

what Clients became clients of D'Angelo Law Group LLC and what fees and other monies

have been collected from such Clients, as well as an accounting of what assets of D & H LLC

Mr. D'Angelo has caused to be transferred to D'Angelo Law Group LLC and an order that the

fair and reasonable value of those assets be paid by D'Angelo Law Group LLC and Mr. D'An-

gelo to D & H LLC.

**Count Six**
**Injunctive Relief and Constructive Trust**

50.      Paragraphs 1- 49 above are realleged as if set forth in full.

51.     D & H LLC and Mr. Hashem are entitled to injunctive relief and court orders to redress the damages and losses suffered to date and to be suffered in the future as a result of the actions of Mr. D'Angelo and D'Angelo Law Group LLC a) ordering that D'Angelo Law Group and Mr. D'Angelo, as the case may be, hold, and in the future will continue to hold, all legal fees collected in connection with the representation of the Clients in constructive trust for the benefit of D & H LLC, b) ordering that D'Angelo Law Group and Mr. D'Angelo pay the fair and reasonable value of the services rendered by D & H LLC to each Client as of the date of Mr. Hashem's suspension to D & H LLC, and that Mr. D'Angelo and D'Angelo Law Group LLC be restrained and enjoined failing and refusing from doing so until all matters in which Clients are represented are concluded, and c) barring Mr. D'Angelo from transferring any assets of D & H LLC to D'Angelo Law Group LLC, without payment of the full and fair value of those assets.

**Wherefore, Mr. Hashem requests this Honorable Court:**

A.  Determine the amount of damages Mr. D'Angelo and D'Angelo Law Group LLC have caused D & H LLC and Mr. Hashem as the result of Mr. D'Angelo's breach of fiduciary duty to D & H LLC and his and D'Angelo Law Group LLC's interference with advantageous contractual relationships of, and conversion of assets belonging to, D & H LLC, and order that they pay those damages, plus attorneys' fees, interest and costs to Mr. Hashem or D & H LLC, as the case may be;

B.  Order defendants D'Angelo Law Group LLC and Mr. D'Angelo to provide a complete accounting of the financial activity and condition of D & H LLC, including an accounting of which Clients became clients of D'Angelo Law Group LLC and what fees and other monies have been collected from the representation of such Clients, as well as an accounting

of what assets of D & H LLC Mr. D'Angelo has caused to be transferred to D'Angelo Law Group LLC; and

C.   Order that D'Angelo Law Group and Mr. D'Angelo, as the case may be, hold, and in the future will continue to hold, all legal fees collected in connection with the representation of Clients in constructive trust for the benefit of D & H LLC and Mr. Hashem; and

D.   Order defendants D'Angelo Law Group LLC and Mr. D'Angelo to provide monthly, accountings and detailed updates of the status of all matters concerning the representation of the Clients; and

E.   Order, after payment of all amounts owed creditors of D & H LLC, that D & H LLC make periodic distributions to its members of all amounts received by D & H LLC in connection with the representation of Clients, and to distribute to each member his one half share of thereof; and

F.   Temporarily, and then permanently, restrain and enjoin D'Angelo Law Group LLC and Mr. D'Angelo from transferring any assets of D & H LLC to D'Angelo Law Group LLC, without payment of the full and fair value of those assets and enter an order that all such assets be restored to D & H LLC, or that D'Angelo Law Group LLC pay to D & H LLC the full and fair value of all such assets; and

G.   Grant such other relief as is from time to time sought in this action.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Date:  August 9, 2017

Saba Hashem, individually,
as a member of, and derivatively on behalf
of, D & H LLC
By his attorneys,


/s/ Albert Farrah
Albert L. Farrah, Jr., Esq.
321 Columbus Avenue
Boston, MA 02116
(617) 742-7766
B.B.O. 159340
alf@farrah-law.com


VERIFICATION BY OATH

Essex, SS                                                                          August 09, 2017

I, the undersigned, Saba Hashem being first duly sworn on oath depose and say: That I am a resident of Methuen, in the Commonwealth of Massachusetts; that I am one of the plaintiffs named and described in the foregoing complaint; that I know the contents thereof and as to all matters of fact therein stated the same is true, and as to all matters therein stated on information and belief, I believe them to be true.


/s/ Saba Hashem
Saba Hashem

August 10, 2017

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on August 10, 2017.


/s/Albert Farrah
Albert Farrah