UNITED STATES DISTRICT COURT
DISTRIC OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| Saba Hashem, individually and as Manager of D'Angelo & Hashem, LLC,<br>    Plaintiff/Intervention-Defendant<br><br>v.<br><br>Stephen D'Angelo, individually and as a Manager of D'Angelo & Hashem, LLC, and D'Angelo Law Group; D'Angelo & Hashem, LLC; and D'Angelo Law Group, LLC.<br><br>    Defendants/Intervention-Defendants,<br>    Reach and Apply Defendants<br>v.<br><br>Jennifer M. Carrion,<br>    Intervention-Plaintiff, | No. 1:16-cv-12383-IT |

## **INTERVENOR'S CROSS-COMPLAINT**

### INTRODUCTION

1. Intervention-Plaintiff Jennifer M. Carrion ("Carrion") hereby intervenes as a judgment creditor of Intervention-Defendants, Saba Hashem ("Hashem") and D'Angelo & Hashem, LLC ("D&H"). To date, Hashem and D&H owe more than $500,000 in Executions to Carrion, with statutory interest that continues to accrue, arising from a 2011 jury verdict that found Hashem and D&H liable to Carrion for pregnancy discrimination. Neither Hashem nor D&H, who are officers of the Court, has paid Carrion one cent. Additionally, Hashem's law partner, Intervention-Defendant Stephen D'Angelo ("D'Angelo"), has transferred substantial assets of D&H to his new or

1

successor law firm, Intervention-Defendant D'Angelo Law Group, LLC ("DLG"), of which he is the sole Manager. This has resulted in this litigation by Hashem, Individually and as Manager to D&H. Carrion seeks to intervene as of right to accomplish remedy and justice, to prevent further alienation of assets, and to receive over half a million dollars in judgments owed to her.

## PARTIES

2. The Intervention-Plaintiff Jennifer M. Carrion is a natural person residing in Lawrence, Massachusetts.

3. The Intervention-Defendant, Saba Hashem, a.k.a. Saba A. Hashem, a.k.a. Saba B. Hashem, is a natural person, who upon information and belief, resides in Methuen, Massachusetts.

4. The Intervention-Defendant, Stephen D'Angelo, is a natural person who, upon information and belief, resides in Chester, New Hampshire.

5. The Intervention-Defendant, D'Angelo & Hashem, LLC ("D&H"), is a Massachusetts Limited Liability Company whose Managers at all relevant times are law partners Hashem and D'Angelo, having principal place of business in North Andover, Massachusetts,

6. The Intervention-Defendant, D'Angelo Law Group, LLC, is a Massachusetts Limited Liability Company that was founded by its sole Manager, D'Angelo, on or about November 6, 2015, and that does business in Massachusetts and New Hampshire.

**FACTUAL BACKGROUND**

7. At all relevant times, D'Angelo and Hashem, are attorneys licensed to practice law in Massachusetts, except that Hashem has been suspended from the practice of law since December 29, 2015.

8. At all relevant times, D'Angelo and Hashem are the sole Managers and law partners of the Limited Liability Company, D&H, in which law firm Carrion was previously employed as an administrative assistant.

9. On May 14, 2007, Carrion filed claims for pregnancy discrimination and retaliation in Suffolk Superior Court ("the Superior Court") under Mass. Gen. Laws. ch. 151B, § 4 ("Chapter 151B") against D&H and Hashem.

10. On November 22, 2011, a Suffolk County Superior Court jury found that D&H and Hashem unlawfully terminated Carrion's employment because she was pregnant, and in doing so, the jury assessed damages in the gross amount of **$100,000**, which the Superior Court deemed as follows:

    a. **$14,000**, as against Hashem, and
    b. **$86,000**, as against D&H.

11. On May 29, 2012, a judge of the Superior Court (Connolly, J.) entered an order finding D&H and Hashem jointly and severally liable to Carrion for attorneys' fees and costs in the gross amount of **$143,374.54**, for which Hashem and D&H are jointly and severally liable.

12. On December 9, 2014, the Appeals Court upheld the jury's verdict of $100,000 as against D&H and Hashem on Carrion's count of pregnancy discrimination; and reversed as to a count of retaliation not relevant here.

13. On January 30, 2015, the Supreme Judicial Court denied Hashem's and D&H's request for Further Appellate Review.

14. On or about April 1, 2015, the Appeals Court awarded Carrion appellate attorneys' fees and costs in the gross amount of **$61,075.11**, for which Hashem and D&H are jointly and severally liable.

15. On December 3, 2015, the Supreme Judicial Court awarded Carrion appellate attorneys' fees and costs in the gross amount of **$3,081.53**, for which Hashem and D&H are jointly and severally liable.

16. Judgments after rescript have issued from the Suffolk Superior Court.

17. Executions issued as against Hashem and D&H, attached to this Complaint, are as follows:

    a. Execution Dated October 6, 2016, on Judgment after Rescript dated April 17, 2015, as to Hashem, in the amount of **$30,212.12**, for the jury's award of emotional distress, as against Hashem on Carrion's claim of discrimination (with statutory interest calculated to August 1, 2017, the amount owed was $33,082.01), see Exhibit A;

    b. Execution Dated October 6, 2016, on Judgment after Rescript dated April 17, 2015, as to D&H, in the amount of **$185,592.71**, for the jury's award of emotional distress and back pay, as against D&H on Carrion's claim of discrimination (with statutory interest calculated to August 1, 2017, the amount owed was $203,836.73), see Exhibit B;

    c. Execution Dated October 6, 2016, on Judgment after Rescript dated April 17, 2015, as to Hashem and D&H, jointly and severally, in the amount of

       **$220,484.23**, for the Superior Court's award of attorneys' fees and costs (with statutory interest calculated to August 1, 2017, the amount owed was $242,158.13), see Exhibit C;

    d. Execution dated June 12, 2015, as to Hashem and D&H, jointly and severally, in the amount of **$62,909.71**, for the Massachusetts Appeals Court's award of appellate attorneys' fees and costs (with statutory interest calculated to August 1, 2017, the amount owed was $79,062.86), see Exhibit D; and

    e. Execution dated October 6, 2016, as to Hashem and D&H, jointly and severally, in the amount of **$3,398.04** for the Supreme Judicial Court's award of attorneys' fees and costs for representation at the Supreme Judicial Court (with statutory interest calculated to August 1, 2017, the amount owed was $3,732.07), see Exhibit E.

18. As of August 1, 2017, Hashem and D&H were liable to Carrion for more than **$500,000**, including statutory interest.

19. At no point has D&H or Hashem attempted to satisfy any portions of these final judgments against them.

20. As of this filing, neither D&H nor Hashem have paid Carrion a single cent toward the judgment issued by a jury more than five years ago and upheld by the Massachusetts Appeals Court and the Supreme Judicial Court. Neither D&H nor Hashem has paid a single cent toward attorneys' fees and costs awarded by the Superior Court, the Massachusetts Appeals Court, and the Supreme Judicial Court.

21. The Intervention-Defendants have overtly concealed assets, willfully disregarded and/or avoided their legal duty to pay Carrion with the purpose and effect of continually denying her relief and remedies, *supra*.

22. Such actions to obscure assets include, without limitation: (A) Hashem's conveyance of real property, located at 318 Broadway, Methuen Massachusetts, to his mother, Hiam Hashem, for $1 on or about July 3, 2008, after the filing of Carrion's complaint, and (B) upon information and belief, the concealment and movement of assets by Hashem abroad to Lebanon.

23. Moreover, assets of D&H have been improperly conveyed, transferred, and dissipated to D'Angelo's law firm, DLG, in effort to *inter alia* avoid defy payment to Plaintiff Intervenor Carrion.

24. DLG is a successor firm to D&H.

25. For example, and without limitation, DLG has co-opted or adopted, without limitation, the telephone numbers, website URL, physical plant, address, clients, and employees of D&H.

26. Further, according to Hashem's verified complaint and verified amended complaint in this action:

    (A) D'Angelo formed DLG on or about November 6, 2015;

    (B) As of November 6, 2015, D&H was a signatory to at least one-hundred (100) contingent fee agreements with personal injury clients;

    (C) As of November 6, 2015, D&H was a signatory to at least twenty-five (25) fee agreements whereby clients agreed to be represented by D&H in matters arising under the Workers Compensation Act, M.G.L. c. 152;

(D) Beginning on November 6, 2015 and continuing thereafter, D'Angelo caused said clients of D&H to terminate their relationship with D&H and enter into agreements with DLG; and

(E) Since November 6, 2015 and continuing thereafter, D'Angelo caused D'Angelo Law Group to collect fees that belonged to D&H and that would have been paid to D&H but for D'Angelo's actions.

## INTERVENOR'S CLAIMS

### COUNT I
### FRADULENT CONVEYANCE ACTION
### UNDER UNIFORM FRADULENT TRANSFER ACT

27. Carrion hereby repeats and re-avers the allegations made in the preceding Paragraphs as if fully set forth herein.

28. Assets of D&H have included, without limitation, the law firm's entitlement to attorneys' fees for litigation in which it engaged as D&H; together with equipment, other tangible property, clientele, receivables, and/or good will.

29. At a minimum, the Intervention-Defendant D'Angelo has conveyed, without consideration of a reasonably equivalent value, assets of D&H to DLG ("DLG"). D'Angelo is the sole Manager of DLG and a Manager/Partner of the D&H; rendering D'Angelo an insider.

30. Such conveyances were made after Carrion's claims, Judgments, and/or Executions against D&H and Hashem happened with the intent to defraud Carrion.

31. Such conveyances included, without limitation, the transfer of cases (including attorneys' fees) from D&H to D'Angelo's law firm, DLG.

32. Such conveyances were concealed, while at the same time, the Intervention-Defendants continued to fail to pay the judgments against them that were awarded to Carrion.

33. Upon information and belief, such conveyances rendered or were intended to render D&H insolvent and avoid claims of a secured Judgment creditor and victim of pregnancy discrimination.

34. Following such conveyances, the Intervention-Defendants, and in particular D'Angelo, as the sole Manager of DLG, retained control over the transferred assets and continued to benefit from them.

35. The aforementioned actions violate Mass. Gen. Laws ch. 109A §§ 5 and 6, the Uniform Fraudulent Transfer Act.

WHEREFORE Carrion demands relief, as set forth in Mass. Gen. Laws ch. 109A § 8, including without limitation:

(A) That an injunction issue prohibiting the Intervention-Defendants from alienating, conveying, transferring or hypothecating or otherwise disposing of any assets held by DLG and/or D&H to (a) Hashem or D'Angelo pending the outcome of this litigation, and thereafter, until full satisfaction of Carrion's judgments against D&H and Hashem;

(B) That the Court rescind and void the Intervention-Defendants' fraudulent transfers to the Reach-and-Apply Defendants to the extent necessary to satisfy Carrion's judgments against Hashem and D&H; and therefore issue order that the assets hidden, defrauded, and hindered by the Intervention-Defendants remain subject to Carrion's anticipated Judgments in her favor in this Court;

(C) Appointment of a receiver to take charge of the asset transferred or of other property of the transferee;

(D) That Carrion be permitted to levy execution on assets transferred in fraudulent conveyance or assets of the Intervenor Defendants that may be in the name of another;

(E) That the parties Hashem and D'Angelo provide to Intervenor Carrion and to this Court any proposed settlement for review and prior approval by this Court; and/or

(F) That this Court grant any other relief the circumstances may require.

## COUNT II
## REACH AND APPLY

36. Carrion hereby repeats and re-avers the allegations made in the preceding Paragraphs as if fully set forth herein.

37. To pay her Executions, Carrion seeks to reach and apply the beneficial interests of Hashem and D&H held by Intervenor Defendants and Reach-and Apply Defendants - D'Angelo and DLG.  Such assets include, but are not limited to, salaries, capital, profits or equity of Hashem and attorneys' fees payable to Hashem.

38. Carrion also seeks to reach and apply the beneficial interests of D&H held by Reach-and Apply Defendants D'Angelo, and DLG; such assets include, but are not limited to, equity, profits, capital of D&H and attorneys' fees payable to D&H.

WHEREFORE Carrion demands relief as follows:

(A)   That the Assets hidden, defrauded, and hindered by the Intervention-Defendants remain subject to Carrion's judgments and executions against D&H and Hashem;

(B)   That said judgments and executions be paid to Carrion forthwith;

(C) That the parties Hashem and D'Angelo provide to Intervenor Carrion and to this Court any proposed settlement for review and prior approval by this Court;

(D) That this Court reach and apply the interests of Hashem and D&H held in name of D'Angelo, DLG, or in the name of another, and/or

(E) That this Court afford all other relief it deems fair, just and proper.

## COUNT III
## SUCCESSOR LIABILITY

39. Carrion hereby repeats and re-avers the allegations made in the preceding Paragraphs as if fully set forth herein.

40. D'Angelo and DLG have represented to this Court that D&H is no longer a "valid law firm and exists in name only."

41. DLG acquired substantially all of the assets of D&H, including but not limited to its physical plant, good will, web site URL, phone numbers, clients, caseload, and equipment.

42. DLG retained key personnel of D&H.

43. DLG carries on the same office address and web site address as D&H.

44. DLG merely continued the services of D&H, to wit by providing legal services to D&H's clients.

45. DLG has succeeded to the business and assets of D&H.

46. DLG is liable a successor in interest for Carrion's judgments against D&H.

WHEREFORE Carrion demands respectfully that this Court:

(A) Issue order that the Assets hidden, defrauded, transferred and/or hindered by the Intervention-Defendants remain subject to the Carrion's final judgments against D&H and Hashem;

(B) Enter Declaratory Judgment holding that DLG is liable for Carrion's judgment against D&H as a successor in interest;

(C) Reach and apply the interests of Hashem and D&H held in name of D'Angelo, DLG, or in the name of another, and

(D) The Court afford all other relief it deems fair, just and proper.

Respectfully Submitted,
Jennifer M. Carrion, Intervenor-Plaintiff,
By Her Attorneys,


/s/ Mernaysa Rivera-Bujosa
Mernaysa Rivera Bujosa, Esq. BBO #665965
Rivera-Bujosa Law, P.C.
C-2 Shipway Place
Charlestown, MA 02129
P: (617) 398-6728
F: (617) 389-6730
E: mernaysa@riverabujosalaw.com

/s/ Michaela C. May
Michaela C. May, Esq., BBO No. 676834
Law Office of Michaela C. May
400 Massachusetts Avenue, Suite B
Arlington, MA 02474
T: (617) 939-3021
E: attorneymay@gmail.com

/s/ Wendy A. Kaplan
Wendy A. Kaplan, Esq., BBO No. 259360
Law Office of Wendy A. Kaplan
20 Melrose Street

Boston, MA 02116<br>
T: (617) 557-4114<br>
E: wendykaplan@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

/s/ Mernaysa Rivera-Bujosa<br>
Mernaysa Rivera Bujosa