```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
                          EASTERN DIVISION
```

| | |
|---|---|
| SABA HASHEM, Individually and  }<br>Derivatively on behalf of     }<br>D'ANGELO & HASHEM, LLC         }<br>    Plaintiffs                 }<br>                                }<br>v.                              }<br>                                }<br>STEPHEN L. D'ANGELO             }<br>D'ANGELO LAW GROUP, LLC, and    }<br>nominally, D'ANGELO & HASHEM, LLC }<br>    Defendants                 }<br>                                } | CIVIL ACTION NO:<br>1:16-CV-12383-IT |

### **ANSWER TO INTERVENOR'S CROSS-COMPLAINT**

The Defendants, Stephen L. D'Angelo, D'Angelo Law Group, LLC, and D'Angelo & Hashem, LLC (collectively hereafter "Defendants") hereby answer the Cross-Complaint filed by Jennifer M. Carrion (hereafter "Carrion") against Saba Hashem (hereafter "Hashem"), D'Angelo & Hashem, LLC (hereafter "D&H"), D'Angelo Law Group, LLC (hereafter "DLG"), and Stephen L. D'Angelo (hereafter "D'Angelo") to the extent that such Cross-Complaint includes specific allegations and claims against the Defendants, the Defendants answer as follows:

1.  This paragraph fails to set forth clear and concise factual statements that may be either admitted or denied by the Defendants. To the extent that it contains allegations against the Plaintiffs, the Defendants are without specific knowledge of those facts and, therefore, deny those allegations. Furthermore, as to the specific allegation

against D'Angelo and DLG regarding the alleged transfer of assets formerly of D&H, the Defendants deny.

2. Defendants are without specific knowledge to either admit or deny the allegations in this paragraph.

3. Defendants are without specific knowledge to either admit or deny the allegations in this paragraph.

4. Admitted.

5. Admitted in part. D&H is a defunct entity which is no longer in business. Any relationship between D'Angelo and Hashem was terminated, at the latest, when Hashem was suspended from the practice of law, if not earlier.

6. Admitted.

7. Admitted.

8. Admitted in part. The Defendants refer to their answer to paragraph 5 above.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. No response is needed as the documents referenced in this paragraph speak for themselves.

18.     No response is needed as the documents referenced in paragraph 17 above speak for themselves as to the amount owed to Carrion.

19.     Defendants are without specific knowledge to either admit or deny the allegations against Hashem. The Defendants deny the other allegations in this paragraph.

20.     Defendants are without specific knowledge to either admit or deny the allegations against Hashem. The Defendants admit the other allegations in this paragraph.

21.     Defendants are without specific knowledge to either admit or deny the allegations against Hashem. The Defendants deny the other allegations in this paragraph.

22.     Defendants are without specific knowledge to either admit or deny the allegations in this paragraph.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Admitted insofar as this paragraph states the contents of the Second Amended Complaint filed by Hashem, which speaks for itself. The Defendants neither admit nor deny here any of the allegations in the Second Amended Complaint as they have already answered those allegations in their Answer to the Second Amended Complaint.

27.     No response is needed.

28.     Admitted.

29.     Denied.

30.     Denied.

31.     Admitted.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. No response is needed.

37. No response is needed as this paragraph is a request for relief. To the extend a response is needed, the Defendants deny.

38. No response is needed as this paragraph is a request for relief. To the extend a response is needed, the Defendants deny.

39. No response is needed.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted as to DLG operating at the same address. Denied as to DLG using the same website as D&H.

44. Denied.

45. Denied.

46. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

In her Cross-Complaint, the Intervenor has failed to state a claim against any of the Defendants upon which relief may be granted.

### Second Affirmative Defense

The Defendants' actions were not the direct cause of the Intervenor's damages, if any.

### Third Affirmative Defense

The Defendants' actions were not the proximate cause of the Intervenor's damages, if any.

### Fourth Affirmative Defense

If the Intervenor ever had claims against the Defendants, which the Defendants expressly deny, the Intervenor has, by her actions or by those of her agents, waived any rights to recover damages from the Defendants.

### Fifth Affirmative Defense

If the Intervenor ever had claims against the Defendants, which the Defendants expressly deny, the Intervenor, by her actions or by those of her agents, is estopped from prosecuting same and is thereby barred from recovering any damages from the Defendants.

### Sixth Affirmative Defense

If the Intervenor ever had claims against the Defendants, which the Defendants expressly deny, the Intervenor's claims are barred by the doctrine of laches.

### Seventh Affirmative Defense

The Intervenor's alleged injuries were caused by the Plaintiff, for whose conduct the Defendants are not legally responsible.

### Eighth Affirmative Defense

If the Intervenor ever had claims against the Defendants, which the Defendants expressly deny, the Intervenor is not entitled to recover from the Defendants because of her failure to mitigate her damages.

### Ninth Affirmative Defense

To the extent that the Intervenor has alleged that the Defendants have committed fraud, the Intervenor has failed to plead those allegations with the requisite particularity as to the circumstances constituting fraud as required by Fed.R.Civ.P. Rule 9, and any such allegations and related counts should be stricken from the Complaint.

WHEREFORE, the Defendants pray that this Court deny the relief sought by the Intervenor in her Complaint.

**THE DEFENDANTS DEMAND A JURY TRIAL ON ALL COUNTS SO TRIABLE**

Respectfully Submitted,
Stephen L. D'Angelo,
D'Angelo Law Group, LLC, and
D'Angelo & Hashem, LLC,

Dated:    9-15-17                    /s/ William J. Amann, Esq.

William J. Amann, Esq.
MA BBO # 648511
Craig, Deachman & Amann, PLLC
1662 Elm St., #100
Manchester, NH 03101
603-665-9111
wamann@cda-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served via the Court's ECF filing system upon all counsel of record as of the date indicated below.

Dated:    9-15-17                    /s/ William J. Amann, Esq.