UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| Saba Hashem, Individually, and as a Member of, and derivatively on behalf of, D'Angelo and Hashem, LLC<br><br>                Plaintiff<br>V.<br><br>Stephen L. D'Angelo, D'Angelo and Hashem, LLC and D'Angelo Law Group LLC<br><br>                Defendants | Civil Action No: 1:16-cv-12383-IT |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCLOSURE AND DISCOVERY

Plaintiff Saba Hashem, individually and as a member of, and derivatively on behalf of, D'Angelo and Hashem, LLC, pursuant to the provisions of Fed. R. Civ. P. 37(a) and Mass. Fed. Dist. Ct. Local Rule 37.1, seeks an order compelling defendant Stephen L. D'Angelo to respond to discovery requests served upon him a) on September 29, 2016 and b) on August 31, 2017 and an order compelling D'Angelo Law Group LLC to respond to discovery requests served upon it on August 31, 2017 and for attorneys fees.

### Facts Relevant To This Motion

On August 31, 2017 plaintiff served his First Request For Production upon D'Angelo Law Group LLC and his Second Request For Production upon Stephen L. D'Angelo. Pursuant to Fed. R. Civ. P. 34, defendants had 30 days to respond. Both failed to do. Through counsel, plaintiff requested a discovery conference with counsel for defendants on October 12, 2017. Defense

counsel failed to respond to that request within seven days, and no discovery conference was held within fourteen days, both as required by Local Rule 37.1. To date, defendants have made no response to the request for a discovery conference or to the discovery requests.

This is not the first time Mr. D'Angelo, an attorney, has ignored his discovery obligations.  As set forth in plaintiff's previous motion to compel and supporting memorandum filed July 25, 2017, Mr. D'Angelo had not responded to interrogatories or requests for production served upon him in state court on September 29, 2016 prior to removal of this action on November 25, 2016, despite an obligation to do so within 20 days of removal.  To this day, he continues to refuse to answer interrogatories or produce documents.

## Law And Argument

Fed. R. Civ. P. 37(a)(3)(B) and Local Rule 37.1 provide that a party may move to compel and for appropriate sanctions where, as here, the nonmoving party fails to timely respond to discovery requests, fails to respond to a request for or attend a discovery conference.

The documents and information plaintiff seeks are critical to the proof of his case.  Mediation has been ordered for November 21, 2017 and a discovery deadline of December 14, 2017 looms.[1]  It is clear defendants' strategy is to wait out the discovery deadline. The history of defendants' noncompliance is well documented, and made all the worse because Mr. D'Angelo is a member of the bar.  Their disdain for their discovery obligations and the orders of this court is breathtaking.  Their conduct should not be rewarded.

---

1. Without discovery there is little point in mediating in three weeks, and plaintiff anticipates requesting a continuance of the mediation and an extension of the discovery deadline.

<u>Conclusion</u>

For the reasons set forth herein, this motion should be allowed and plaintiff should be awarded his reasonable legal fees expenses in having to file this motion as provided under applicable rules.

                                        Saba Hashem, individually, as a member of, and derivatively on behalf of, D & H LLC
By his attorneys,

                                        __/s/__Albert L. Farrah, Jr._____
Albert L. Farrah, Jr., Esq.
321 Columbus Avenue
Boston, MA 02116
(617) 742-7766
B.B.O. 159340
alf@farrah-law.com

**CERTIFICATE OF SERVICE**

SUFFOLK, ss.                                                                                         November 2, 2017

I hereby certify that a copy of this pleading was today served via the Court's CM/ECF filing system upon all registered users in this case, including counsel for defendants.

                                                                     _/s/  Albert L. Farrah, Jr., Esq._____
                                                                     Albert L. Farrah, Jr., Esq.

**Certificate Of Compliance**

I, Albert L. Farrah, Jr., Esq., hereby certify that I have complied with the requirements of Mass. Fed. Dist. Ct. Local Rule 7.1 and Rule 37.1.

                                                                     _/s/  Albert L. Farrah, Jr., Esq._____
                                                                     Albert L. Farrah, Jr., Esq.