```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
                         EASTERN DIVISION
```

| | |
|---|---|
| SABA HASHEM, Individually and<br>Derivatively on behalf of<br>D'ANGELO & HASHEM, LLC<br>    Plaintiffs<br><br>v.<br><br>STEPHEN L. D'ANGELO<br>D'ANGELO LAW GROUP, LLC, and<br>nominally, D'ANGELO & HASHEM, LLC<br>    Defendants | CIVIL ACTION NO:<br>1:16-CV-12383-IT |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

The Defendants, Stephen L. D'Angelo and D'Angelo Law Group, LLC (collectively hereafter "Defendants") hereby respond to the Motion of the Plaintiff to Compel Discovery and Disclosure. The Defendants respond as follows:

1.   The Defendants have this day responded to the Plaintiff's First and Second Request for Production of Documents. The Defendants have attached hereto their responses to those requests (but not the accompanying documents) for the reasons set forth below.

2.   Among the Plaintiff's requests are financial and/or insurance related documents pertaining to D'Angelo and Hashem, LLC, which the Defendants have produced to the extent that those documents exist and are in the Defendants' possession (see paragraphs 10 through 15 in the attached copy of the Defendants' response).

3.   Additionally, the Plaintiff has requested documents and/or communications that pertain to any steps Mr. D'Angelo undertook pursuant to the Rules of Professional Conduct or other laws with respect to D'Angelo and Hashem, LLC or its then-clients.  The Defendants have responded to those requests and have produced those documents to the extent they exist are in their possession (see paragraphs 8 and 9).

4.   With respect to the remaining requests, the Defendants have stated vigorous objections based primarily on attorney-client privilege and undue burden to the Defendants[1]. In these objectionable requests, the Plaintiffs are essentially seeking all communications with clients, and copies of nearly all (of not all) documents in those client's files, all of which are rife with attorney-client privileged information, which privilege is held by those individual clients and not by the Defendants, and thus not the Defendants' privilege to waive.  The Defendants' objection to these requests is articulated as follows:

> <u>Defendants' Response(s) and/or Objection(s)</u>: The Defendants object to this request on the grounds that the information contained in the documents and/or the documents themselves is protected by the attorney-client privilege.  The privilege is held by the individual clients and not by the Defendants, therefore the Defendants cannot and will not produce the requested documents.  The Defendants are in the process of preparing a "privilege log" in compliance with Fed.R.Civ.P. 26(b)(5)(A).
>
> Due to the extensive nature of this request (and the other requests to which the Defendants have made the same or similar objection), the Defendants also object on the basis that the request is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

---

[1] The Defendants have responded to paragraphs 6.b. and 6.d., but have objected to the entirety of paragraphs 1 through 7 and any sub-paragraphs contained therein.

The Defendants' objection on this basis extends to the above-referenced privilege log insofar as the information needed to prepare a privilege log would require an inordinate amount of time and effort beyond that which is imposed upon the Defendants by the Rules of Civil Procedure.

By not including a privilege log with this response, the Defendants expressly DO NOT WAIVE their objection on the basis of attorney-client privilege, and intend to seek assistance and/or clarification from the Court with respect to the scope of the requirement to make disclosures under Rule 26(b)(5)(A).

5.   As stated in their objection, the Defendants find themselves in a difficult position with respect to the disclosure of the documents that the Plaintiff has requested in paragraphs 1 through 7.  The Defendants wish to – and intend to – comply with Rule 26 in its entirety, but cannot do so at this time without guidance from the Court.  As stated in their objection, the Defendants intend to seek the Court's guidance and thus ask for such guidance through this instant Response.

WHEREFORE, the Defendants request that this Court address at the hearing on the Motion to Compel their objection(s) to the Plaintiff's documents requests and clarify the scope of the Defendant's requirements under Rule 26(b)(5)(A).

*Signature appears on the following page*

```
                                   Respectfully Submitted,
                                   Stephen L. D'Angelo,
                                   D'Angelo Law Group, LLC, and
                                   D'Angelo & Hashem, LLC,


Dated: 11-15-17                    /s/ William J. Amann, Esq.

                                   William J. Amann, Esq.
                                   MA BBO # 648511
                                   Braucher & Amann, PLLC
                                   65 Market Street
                                   Manchester, NH 03101
                                   (603) 486-1530
                                   wamann@ba-lawgroup.com
```

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served by the Court's ECF system to all parties who have requested such notice.

```
Dated:    11-15-17                 /s/ William J. Amann, Esq.
```