UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| SABA HASHEM, Individually and<br>Derivatively on behalf of<br>D'ANGELO & HASHEM, LLC<br>    Plaintiffs<br><br>v.<br><br>STEPHEN L. D'ANGELO<br>D'ANGELO LAW GROUP, LLC, and<br>nominally, D'ANGELO & HASHEM, LLC<br>    Defendants | CIVIL ACTION NO:<br>1:16-CV-12383-IT |

**DEFENDANTS' CONSOLIDATED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST
AND SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**

The Defendants, Stephen L. D'Angelo and D'Angelo Law Group, LLC (collectively hereafter "Defendants") hereby respond to the First and Second Requests for Production of Documents requested by the Plaintiff, Saba Hashem.

**PRELIMINARY STATEMENT**

1.   By making the accompanying responses and/or objections to Plaintiffs' requests for production, the Defendants do not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of such responses and accompanying documents into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. These responses and objections are made without prejudice to, and are not a waiver of, the Defendants' right to

rely on other facts or documents at trial. Further, the Defendants make the responses and objections herein without in any way implying that they consider the requests or responses thereto to be relevant or material to the subject matter of this action.

2.    The Defendants will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the Defendants and will not produce any documents that would require further requests by the Defendants to third parties who are not parties in this case.

3.    The Defendants expressly reserve the right to supplement, clarify, revise, or correct any or all of the production, responses, and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4.    Publicly available documents including, but not limited to, those readily obtainable from public repositories (e.g. Registry of Deeds or other State, County or Municipal offices) will not be produced.

## GENERAL OBJECTIONS

1.    The Defendants object to each instruction, definition, and document request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.    The Defendants object to each document request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3.    The Defendants object to each definition, instruction, and document request, to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.  Should any such disclosure by the Defendants occur, it is inadvertent and shall not constitute a waiver of any privilege.

4.    The Defendants object to each definition, instruction, and document request as overbroad and unduly burdensome to the extent it seeks documents that are already in the Plaintiff's possession, Plaintiff's counsel's possession, or are readily or more accessible to the Plaintiff from his own files, or documents that the Defendants previously produced to the Plaintiffs.  Responding to such requests would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for the Plaintiff as for the Defendants.  This objection encompasses, but is not limited to, documents previously produced by the Defendants, formally or informally.  All such documents will not be produced.

5.    Defendants incorporate by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that request.  Moreover,

the Defendants expressly do not waive their right to amend their
responses.

### RESPONSES AND SPECIFIC OBJECTIONS TO
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1.    All contingent fee agreements between D'Angelo Law Group LLC
and any person who was a client of D'Angelo and Hashem, LLC ("D&H LLC")
at the time of formation of D'Angelo Law Group LLC.


   Defendants' Response(s) and/or Objection(s): The Defendants object
   to this request on the grounds that the information contained in
   the documents and/or the documents themselves is protected by the
   attorney-client privilege.  The privilege is held by the individual
   clients and not by the Defendants, therefore the Defendants cannot
   and will not produce the requested documents.  The Defendants are
   in the process of preparing a "privilege log" in compliance with
   Fed.R.Civ.P. 26(b)(5)(A).


   Due to the extensive nature of this request (and the other requests
   to which the Defendants have made the same or similar objection),
   the Defendants also object on the basis that the request is overly
   broad, unduly burdensome, or not reasonably calculated to lead to
   the discovery of admissible evidence.  The Defendants' objection
   on this basis extends to the above-referenced privilege log insofar
   as the information needed to prepare a privilege log would require

an inordinate amount of time and effort beyond that which is imposed upon the Defendants by the Rules of Civil Procedure.

By not including a privilege log with this response, the Defendants expressly DO NOT WAIVE their objection on the basis of attorney-client privilege, and intend to seek assistance and/or clarification from the Court with respect to the scope of the requirement to make disclosures under Rule 26(b)(5)(A).

2.    All fee agreements between D'Angelo Law Group LLC and any person who was a client of D&H LLC at the time of formation of D'Angelo Law Group LLC, whereby D'Angelo Law Group LLC agreed to represent any such person in any matter before the Industrial Accident Board.

Defendants' Response(s) and/or Objection(s): The Defendants refer to their response to Paragraph 1 above, and incorporate that response fully herein.

3.    All engagement letters or contracts between D'Angelo Law Group LLC and any person who was a client of D&H LLC at the time of formation of D'Angelo Law Group LLC.

Defendants' Response(s) and/or Objection(s): The Defendants refer to their response to Paragraph 1 above, and incorporate that response fully herein.

4.   All documents concerning the representation by D'Angelo Law Group LLC of any client in any matter in which such client was formerly represented by D&H LLC, which documents concern such matter, including but not limited to any documents concerning any sums of money received, or to be received, by D'Angelo Law Group LLC in connection with such representation.

Defendants' Response(s) and/or Objection(s): The Defendants refer to their response to Paragraph 1 above, and incorporate that response fully herein.

5.   For each client of D'Angelo and Hashem, LLC ("D&H LLC") who became a client of D'Angelo Law Group LLC, please produce copies of the following documents concerning any matter in which D'Angelo Law Group LLC represented each such client:

a.   Complaints and answers thereto, and any amended versions thereof;

Defendants' Response(s) and/or Objection(s): The Defendants refer to their response to Paragraph 1 above, and incorporate that response fully herein.

b.    Motions to dismiss and oppositions thereto, including, but not limited to, supporting memoranda, affidavits and exhibits;

Defendants' Response(s) and/or Objection(s): The Defendants refer to their response to Paragraph 1 above, and incorporate that response fully herein.

c.    Summary judgment motions and oppositions thereto, including, but not limited to, statements of fact, supporting memoranda, affidavits and exhibits;

Defendants' Response(s) and/or Objection(s): The Defendants refer to their response to Paragraph 1 above, and incorporate that response fully herein.

d.    Pretrial memoranda;

Defendants' Response(s) and/or Objection(s): The Defendants refer to their response to Paragraph 1 above, and incorporate that response fully herein.

e.    Written demands to settle or resolve any matter on behalf of each such client, whether sent to any of the defendants and/or their insurance companies and any responses thereto;

Defendants' Response(s) and/or Objection(s): The Defendants refer to their response to Paragraph 1 above, and incorporate that response fully herein.

f.    Settlement agreements and/or releases; and

Defendants' Response(s) and/or Objection(s): The Defendants refer to their response to Paragraph 1 above, and incorporate that response fully herein.

g.    Copies of any checks or other documents showing or reflecting any payments made to each such client, to D'Angelo Law Group LLC and/or to Stephen D'Angelo.

Defendants' Response(s) and/or Objection(s): The Defendants refer to their response to Paragraph 1 above, and incorporate that response fully herein.

6.    All communications between D'Angelo Law Group LLC, or any person on behalf of D'Angelo Law Group LLC and any person concerning:

a.    Any criminal charges brought against Mr. Hashem by the Essex County District Attorney, including Mr. Hashem's conviction of such charges and imprisonment;

Defendants' Response(s) and/or Objection(s): The Defendants to not possess any such documents.

b.    Any proceedings against Mr. Hashem brought by the Board of Bar Overseers, including Mr. Hashem's temporary suspension from the practice of law;

Defendants' Response(s) and/or Objection(s): The Defendants refer to the attached documents labeled as "Response to 6.b."

c.    Mr. Hashem;

Defendants' Response(s) and/or Objection(s): The Defendants to not possess any such documents.

d.    The potential transfer of cases or of a client's representation from D&H LLC to D'Angelo Law Group LLC; or

Defendants' Response(s) and/or Objection(s): The Defendants refer to the attached documents labeled as "Response to 6.d."

e.    Representation of any current client of D'Angelo Law Group LLC in any proceeding, matter or litigation in which such client was formerly represented by D&H LLC, which communications are concerning such proceeding, matter or litigation.

Defendants' Response(s) and/or Objection(s): The Defendants refer to their response to Paragraph 1 above, and incorporate that response fully herein.

7.    All documents in the possession of D'Angelo Law Group LLC concerning:

a.    Any criminal charges brought against Mr. Hashem by the Essex County District Attorney, including Mr. Hashem's conviction of such charges and imprisonment

Defendants' Response(s) and/or Objection(s): The Defendants to not possess any such documents.

b.    Any proceedings against Mr. Hashem brought by the Board of Bar Overseers, including Mr. Hashem's temporary suspension from the practice of law;

Defendants' Response(s) and/or Objection(s): The Defendants to not possess any such documents.

c.    Mr. Hashem;

Defendants' Response(s) and/or Objection(s): The Defendants object
to this request on the grounds that it is overly broad, unduly
burdensome, and lacks specificity with respect to the scope of the
documents requested – both in time and subject matter.

d.   The  potential  transfer  of  cases  or  of  a  client's
representation from D&H LLC to D'Angelo Law Group LLC; or

Defendants' Response(s) and/or Objection(s): The Defendants refer
to their response to paragraph 6.d. above as the documents produced
in response to that request also apply to this instant request.

The Defendants further refer to their response to Paragraph 1
above, and incorporate that response fully herein.

e.   Representation of any current client of D'Angelo Law Group
LLC in any proceeding, matter or litigation in which such client was
formerly represented by D&H LLC.

Defendants' Response(s) and/or Objection(s): The Defendants refer
to their response to paragraph 6.d. above as the documents produced
in response to that request also apply to this instant request.

The Defendants refer to their response to Paragraph 1 above, and
incorporate that response fully herein.

8.    All communications between Mr. D'Angelo, D&H LLC or D'Angelo Law Group LLC and the Massachusetts Board of Bar Overseers or any other person at any time concerning:

a.    Mr. Hashem; or

Defendants' Response(s) and/or Objection(s): The Defendants refer to their response to paragraph 6.b. above as the documents produced in response to that request also apply to this instant request.

b.    Any actions required (i) by law or (ii) the Massachusetts Rules of Professional Conduct to be taken or recommended by the Board of Bar Overseers be taken by D&H LLC, Mr. Hashem or D'Angelo Law Group LLC in connection with or as a result of Mr. Hashem's suspension from the practice of law including, but not limited to, whether, as a result or consequence of Mr. Hashem's temporary suspension from the practice of law, D&H LLC was permitted to continue to represent clients existing at the time of Mr. Hashem's temporary suspension, and whether Mr. Hashem could continue to be a member of, or otherwise have an ownership interest in, D&H LLC.

Defendants' Response(s) and/or Objection(s): The Defendants refer to their response to paragraph 6.b. above as the documents produced in response to that request also apply to this instant request.

9.    All documents or communications concerning any and all actions taken by D&H LLC or anyone on its behalf as a result of any requirement (i) of law or (ii) the Massachusetts Rules of Professional Conduct or recommendation by the Board of Bar Overseers or any other person referenced in the preceding request.

Defendants' Response(s) and/or Objection(s): The Defendants refer to their response to paragraph 6.b. above as the documents produced in response to that request also apply to this instant request.

10.    All insurance agreements or policies, whether basic, umbrella or excess, under which any person carrying on an insurance business may be liable to pay or satisfy part or all of any judgment that may be rendered in this action against D'Angelo Law Group LLC, or to indemnify or reimburse D'Angelo Law Group LLC, for payments made to satisfy any such judgment.

Defendants' Response(s) and/or Objection(s): The Defendants refer the Plaintiff to the enclosed documents marked as "Response to Request No. 10".

11.    Copies of all monthly checking account statements for any account owned by or held in the name of or on behalf of D&H LLC for calendar years 2014 and 2015.

Defendants' Response(s) and/or Objection(s): The Defendants refer

the Plaintiff to the enclosed documents marked as "Response to

Request No. 11".

12.   The state and federal tax returns of D&H LLC for the previous

three (3) years, and all documents or communications concerning such

state and federal tax returns, filed, created on behalf of or received

by D&H LLC by any person.

Defendants' Response(s) and/or Objection(s): The Defendants refer

the Plaintiff to the enclosed documents marked as "Response to

Request No. 12".

13.   The Financial Statement of D&H LLC for the previous three (3)

years, and all documents or communications concerning the Financial

Statements of D&H LLC for the previous three (3) years.

Defendants' Response(s) and/or Objection(s): The Defendants to not

possess any such documents.

14.   All documents or communications concerning any annual reports

filed with the Secretary of State of the Commonwealth of Massachusetts

for the previous three (3) years, filed or created on behalf of D&H LLC.

Defendants' Response(s) and/or Objection(s): The Defendants object to this request as the documents are public documents readily available from the Office of the Secretary of State, and easily accessible via the internet.

To the extent the Plaintiff is requesting communications, the Defendants do not possess any such documents.

15. All documents or communications concerning any meetings, whether formal, informal, annual or otherwise, held by the directors, officers, managers, members or shareholders of D&H LLC for the previous ten (10) years.

Defendants' Response(s) and/or Objection(s): The Defendants object to this request on the grounds that it is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES AND SPECIFIC OBJECTIONS TO
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1. For each client of D'Angelo and Hashem, LLC ("D&H LLC") who became a client of D'Angelo Law Group LLC, please produce copies of the following documents concerning any matter in which D'Angelo Law Group LLC or you represented each such client:

a. Complaints and answers thereto, and any amendments thereof;

b.   Motions to dismiss and oppositions thereto, including, but not limited to, supporting memoranda, affidavits and exhibits;

c.   Summary judgment motions and oppositions thereto, including, but not limited to, statements of fact, supporting memoranda, affidavits and exhibits;

d.   Pretrial memoranda;

e.   Written demands to settle or resolve any matter on behalf of any such client, whether sent to any of the defendants and/or their insurance companies and any responses thereto;

f.   Settlement agreements and/or releases; and

g.   Copies of any checks or other documents showing or reflecting any payments made to each such client, to D'Angelo Law Group LLC or to you.

Defendants' Response(s) and/or Objection(s): The Defendants object to this request as it is wholly duplicative of Request No. 5 in the Plaintiff's First Request for Production.   The Defendants reiterate and incorporate by reference their responses and/or

objections as stated above in response to Request No. 5 in the

Plaintiff's First Request for Production.


                                  Respectfully Submitted,
                                  Stephen L. D'Angelo,
                                  D'Angelo Law Group, LLC, and
                                  D'Angelo & Hashem, LLC,


Dated: 11-15-17                   /s/ William J. Amann, Esq.
                                  _____

                                  William J. Amann, Esq.
                                  MA BBO # 648511
                                  Braucher & Amann, PLLC
                                  65 Market Street
                                  Manchester, NH 03101
                                  (603) 486-1530
                                  wamann@ba-lawgroup.com


                        **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served by
email and by regular mail to counsel for the Plaintiff.


Dated:     11-15-17               /s/ William J. Amann, Esq.
                                  _____