UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| Saba Hashem, Individually, and as a Member of, and derivatively on behalf of, D'Angelo and Hashem, LLC,<br>    Plaintiff/Intervention Defendant,<br>v.<br><br>Stephen L. D'Angelo, D'Angelo and Hashem, LLC and D'Angelo Law Group LLC,<br>    Defendants/Intervention Defendants,<br>    Reach and Apply Defendants,<br><br>v.<br><br>Jennifer M. Carrion,<br>    Intervention Plaintiff. | Civil Action No: 1:16-cv-12383-IT |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO APPROVE ATTORNEY'S FEES

Plaintiff Saba Hashem hereby submits this memorandum in support of his Motion For Attorney's Fees following the Court's allowance of his motion to compel. As set forth more fully below, plaintiff's motion should be allowed and he should be awarded $5,891.67 in attorney's fees incurred in connection with his efforts to compel defendants' compliance with their discovery obligations.

### Facts Relevant To This Motion

On September 16, 2016 plaintiff filed a four-count complaint in Superior Court in Essex County, MA, alleging Mr. D'Angelo's breach of his fiduciary duty to Mr. Hashem and D & H LLC, his interference with D & H LLC's advantageous contractual and business relationships with the Contingent Fee Clients and C. 152 Clients and the wrongful diversion of assets belonging to

D & H LLC to D'Angelo LLC, in which he sought money damages, an accounting and injunctive and equitable relief. On November 25, 2016 defendants removed the action to this Court.

### Plaintiff's Efforts To Obtain Discovery From Defendants

Prior to removal, plaintiff served requests for production and propounded interrogatories upon Mr. D'Angelo on September 29, 2016. Nearly 10 months later, no response to either set had been received, despite an obligation to respond within 20 days of removal. In addition, and despite plaintiff's mandatory disclosure served upon defendants approximately 5 months prior on February 14, 2017, no defendant had made that mandatory disclosure to plaintiff.

On April 25, 2017 plaintiff's counsel requested a discovery conference with counsel for defendants. Over a month later on May 26, 2017, defense counsel suggested some dates for that conference. From the date of the initial request for that conference until early June, 2017, counsel for the parties briefly attempted to schedule a conference. However, on June 2, 2017 defense counsel stated that any such conference was "premature" given defendants' pending motion to dismiss. Despite plaintiff's best efforts, no such conference was held and, as a result, plaintiff filed a motion to compel on July 25, 2017.[1]

On August 31, 2017 plaintiff served his First Request For Production upon defendant D'Angelo Law Group LLC and his Second Request For Production upon defendant Stephen L. D'Angelo. Pursuant to Fed. R. Civ. P. 34, defendants had 30 days to respond, which they both failed to do. Through counsel plaintiff requested a discovery conference with defense counsel concerning those failures on October 12, 2017. Defense counsel failed to respond to that request within 7 days, and no discovery conference was held within 14 days, both as required by Local Rule 37.1. Again, no response to that request or the discovery requests had been received.

---

1. That motion was denied for failure to include a Local Rule 7.1 Certification.

As a result, plaintiff filed a second motion to compel on November 2, 2017 ("Motion to Compel"), in which he sought an award of fees and costs incurred in bringing the motion. That motion was allowed by the Court on November 22, 2017.[2]

<u>Qualifications, Experience And Specialized Competence Of Plaintiff's Counsel</u>

Attorney Albert Farrah has over 40 years experience in complex clvil litigation. He is a a former assistant district attorney for Essex County and has argued cases before the First Circuit Court of Appeals as well as the Supreme Judicial Court. Mr. Farrah has tried over 25 civil jury trials to verdict in both federal and state courts and settled numerous other Superior Court and Federal Court jury trials. In 1996 he secured that year's fourth largest Massachusetts jury verdict in the case of Poole v. Town of Rockport, C.A. #8877CV00534, and in 2013 the seventh largest jury verdict in Massachusetts in the case of Tarshi v. Tarshi, C.A. #1177CV01968, and consolidated cases. He has achieved eight and seven-figure settlements for his clients and defended at least six cases where the amount sought exceeded $1 million. A link to the website of Farrah & Farrah, Attorneys at Law, and a description of some of the civil cases in which he has participated can be found at <u>www.farrah-law.com</u>.

Mr. Farrah's current hourly rate in this matter is $335.

---

2. In its November 22, 2017 Order allowing plaintiff's Motion to Compel, the Court (i) ordered defendants to provide responses to plaintiff's discovery requests by December 4, 2017, and (ii) deemed all objections to plaintiff's discovery requests with the exception of the attorney-client privilege waived, ordering further that defendants supply plaintiff with an itemized privilege log as to those documents withheld on grounds of attorney-client privilege. Although defendants provided responses and a privilege log by December 4, 2017, they failed to itemize the documents withheld on privilege grounds and included general objections and specific objections unrelated to attorney-client privilege. Plaintiff's anticipate filing another motion to compel and for fees in connection with defendants' continued failure to participate in discovery and for their blatant violation of this Court's Order.

Attorney Emma Kremer has been practicing law in the Commonwealth of Massachusetts since 2011, dedicating a significant portion of her work to complex civil litigation including, among others, shareholders derivative suits and other business disputes, as well as wrongful death and consumer protection actions. She typically charges $180 per hour in connection with such actions, the amount charged plaintiff for her work on this case.

<u>Law And Argument</u>

Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Plaintiff's Motion to Compel was allowed on November 22, 2017, thus he is entitled to an award of attorney's fees.

In *Hutchinson v. Patrick*, 636 F.3d 1 (1st Cir., 2011), the First Circuit set forth the standard to be applied in reviewing a motion for attorney's fees:

> The party seeking the award has the burden of producing materials that support the request [for attorney's fees]. Hensley, 461 U.S. at 433, 103 S.Ct. 1933. These materials should include counsel's contemporaneous time and billing records, suitably detailed, and information anent the law firm's standard billing rates. Gay Officers Action League, 247 F.3d at 295–96. The putative payor may submit countervailing evidence. See, e.g., Foley v. City of Lowell, 948 F.2d 10, 20–21 (1st Cir.1991). The court, usually after hearing arguments, will then "calculate[ ] the time counsel spent on the case, subtract[ ] duplicative, unproductive, or excessive hours, and ... appl[y] prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." Gay Officers Action League, 247 F.3d at 295.

The Affidavits of Attorneys Albert Farrah and Emma Kremer support the amount of attorney's fees sought by plaintiff and include their respective contemporaneous time and billing records, as well as the firm's standard billing rates. Because the amount of fees sought is fair and reasonable, is limited to time spent in connection with plaintiff's discovery efforts and having to

move to compel and comports with prevailing rates in the community given the qualifications, experience and specialized competence of plaintiff's attorneys as set forth above, this motion should be allowed and plaintiff awarded $5,891.67 in attorney's fees incurred in connection with his efforts to ensure defendants' participation in and compliance with the discovery process.

Conclusion

For the reasons set forth herein, plaintiff's motion for attorney's fees should be allowed.

                Saba Hashem, individually, as a member of, and derivatively on behalf of, D & H LLC
                By his attorney,

                __/s/__ Albert L. Farrah, Jr._____
                Albert L. Farrah, Jr., Esq.
                321 Columbus Avenue
                Boston, MA 02116
                (617) 742-7766
                B.B.O. 159340
                alf@farrah-law.com

## CERTIFICATE OF SERVICE

SUFFOLK, ss.                                                                        May 8, 2018

     I hereby certify that a copy of this pleading was today served via the Court's CM/ECF filing system upon all registered users in this case, including counsel for defendants.

                _/s/ Albert L. Farrah, Jr., Esq._____
                Albert L. Farrah, Jr., Esq.