UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____
)
Saba Hashem, Individually, and as a        )
Member of, and derivatively on behalf of,   )
D'Angelo and Hashem, LLC,          )
     Plaintiff/Intervention Defendant,    )
                           )
v.                          )     Civil Action No: 1:16-cv-12383-IT
                           )
Stephen L. D'Angelo,           )
D'Angelo and Hashem, LLC        )
and D'Angelo Law Group LLC,      )
     Defendants/Intervention Defendants, )
     Reach and Apply Defendants,    )
                           )
v.                          )
                           )
Jennifer M. Carrion,           )
     Intervention Plaintiff.        )
_____)

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR AN ORDER HOLDING DEFENDANTS IN CONTEMPT OF
COURT FOR FAILING TO COMPLY WITH THE COURT'S MAY 8, 2018 AND JUNE 19,
2018 ORDERS, TO COMPEL COMPLIANCE WITH THOSE ORDERS, FOR SANCTIONS
AND FOR ATTORNEY'S FEES

       Pursuant to Fed. R. Civ. P. 37(b)(2) and Local Rule of the United States District Court for

the District of Massachusetts 37.1, plaintiff Saba Hashem, individually and as a member of, and

derivatively on behalf of, D'Angelo and Hashem, LLC, submits this memorandum in support of

his motion for an Order:

     1)  holding defendants in contempt for failing to comply with the Court's (a) May
8, 2018 Order to produce IOLTA statements by May 25, 2018 or otherwise report to
the Court and (b) June 19, 2018 Order that defendant pay plaintiff's counsel $5,891.67
in attorney's fees;

     2) requiring defendants to forthwith comply with both orders;

3) imposing sanctions on defendants, retroactive to May 25, 2018 in the case of the failure to provide IOLTA accounts by that date, and retroactive to June 19, 2018 in the case of the failure to pay Court-ordered attorney's fees, of $1,000 per day (or such other amounts or sanctions as the Court orders) for each day the defendants have failed and continue to fail to comply with either order; and

4) that defendants pay plaintiff's fair and reasonable attorney's fees in bringing this motion.

<u>Facts Relevant To This Motion</u>[1]

On November 2, 2017 plaintiff filed a motion to compel and for attorney's fees with this Court due to the failure of defendants to respond to document requests and interrogatories served on August 31, 2017 and the failure of their counsel to respond to a request for a discovery conference. (Docket 61).[2]  On November 28, 2017 that motion was allowed, and the Court ordered plaintiff's counsel to file documentation to support the request for attorney's fees. (Docket 77). On May 8, 2018 plaintiff filed supporting documentation, including affidavits, a memorandum of law and another motion.  (Docket 105-108).  Defendants filed no opposition and on June 19, 2018 the Court ordered payment of $5,891.67. (Docket 122).

Although their counsel, William Amann and plaintiff's counsel have communicated repeatedly by email since the Court's June 19, 2018 order, defendants have made no payment in the nearly four weeks since that order and offered no explanation for the refusal to pay.  On May 18, 2018 the Court ordered defendants to provide IOLTA statements by May 25, 2018.  Defendants have failed to do so.   Neither Attorney Amann nor anyone else on behalf of the defendants

---

1.  All facts are taken from the Affidavit of Albert Farrah, filed herewith.

2.  That was not the first time Mr. D'Angelo, an attorney, had ignored his discovery obligations. As set forth in plaintiff's previous motion to compel and supporting memorandum filed July 25, 2017, Mr. D'Angelo had not responded to interrogatories or requests for production served upon him in state court on September 29, 2016 prior to removal of this action on November 25, 2016, despite an obligation to do so within 20 days of removal.  (Docket 35).

has offered any explanation for defendants' refusal to comply with the Court's May 18, 2018 and June 19, 2018 orders.

<u>Law And Argument</u>

Defendants' disdain for its discovery obligations (and for all involved in this proceeding), well documented in the past, has reached new levels with its refusal to pay court ordered fees, refusal to deliver IOLTA statements, and refusal to comply with the Court's May 18, 2018 Order to produce remaining files by May 25, 2018,[3] and is deserving of the sanctions plaintiff requests.

Fed. R. Civ. P. 37(b)(2) provides that a party may move to compel and for appropriate sanctions where the nonmoving party fails to comply with a court's discovery order. A Court has the "inherent power to enforce compliance with [its] lawful orders through civil contempt." *Spallone v. United States, 493 U.S. 265, 276 (1990)* (quoting *Shillitani v. United States, 384 U.S. 364, 370 (1966)*). "Sanctions for civil contempt are meant to be wholly remedial and serve to benefit the party who has suffered injury or loss at the hands of the contemnor." *Petroleos Mexicanos v. Crawford Enterprises, 826 F.2d 392, 399 (5th Cir. 1987)*. A party may be held in civil contempt for violating a court order if the complainant proves, as plaintiff has done here, "(1) that the alleged contemnor had notice that he was within the order's ambit; (2) that the order was clear and unambiguous; (3) that the alleged contemnor had the ability to comply; and (4) that the order was indeed violated." *United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005)* (internal

---

3. On May 18, 2018 the Court ordered defendants to produce approximately eight client files they had withheld for over nine months, or otherwise report to the court. (Docket 111). By July 11, 2018, defendants had done neither, and it was only after threatened with a contempt filing that defendants, in the late afternoon of July 11, finally produced the files.

citations omitted). As plaintiff has done in the present action, the complainant must prove each element by clear and convincing evidence. *See id.*

If the disobedient party is found in contempt, the judge may (again) compel compliance with the order that that party disobeyed and impose serious sanctions. 18 U.S.C. § 401(3) (federal courts have the power to punish a contempt of its authority for, among others, disobedience or resistance to its lawful order or command; civil contempt requires a finding that there was a willful violation of a clear and reasonably specific order).   Imposition of the sanctions sought here, including attorney's fees, is justified.   When a party violates a discovery order, the judge *must* order the disobedient party, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure to comply with that order. Fed. R. Civ. P. 37(b)(2)(C) (expenses must be imposed unless the failure to comply was substantially justified or other circumstances make an award of expenses unjust).

<u>Conclusion</u>

For the reasons set forth herein, this motion should be allowed, plaintiff should be awarded his reasonable expenses in having to file this motion and defendants sanctioned appropriately as provided under applicable rules.

Saba Hashem, individually, as a member of,
and derivatively on behalf of, D & H LLC
By his attorneys,

__/s/__Albert L. Farrah, Jr._____
Albert L. Farrah, Jr., Esq.
321 Columbus Avenue
Boston, MA 02116
(617) 742-7766
B.B.O. 159340
alf@farrah-law.com

## CERTIFICATE OF SERVICE

SUFFOLK, ss.                                              July 16, 2018

I hereby certify that a copy of this pleading was today served via the Court's CM/ECF filing system upon all registered users in this case, including counsel for defendants.

 /s/  Albert L. Farrah, Jr., Esq.
Albert L. Farrah, Jr., Esq.