UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____
                                        )
SABA HASHEM, individually and as Manager )
of D'Angelo & Hashem, LLC,              )
        Plaintiff/Intervention-Defendant )
v.                                      )
                                        )
Stephen D'Angelo, individually and as a )
Manager of D'Angelo & Hashem, LLC, and  )
D'Angelo Law Group; D'Angelo & Hashem,  )   No. 1:16-cv-12383-IT
LLC; and D'Angelo Law Group, LLC.       )
        Defendants/Intervention-Defendants, )
        Reach and Apply Defendants      )
v.                                      )
                                        )
Jennifer M. Carrion,                    )
        Intervention-Plaintiff,         )
_____)

**<u>JENNIFER M. CARRION'S MOTION TO COMPEL DISCOVERY FROM  D'ANGELO
LAW GROUP,  LLC, D'ANGELO & HASHEM, LLC, & STEPHEN D' ANGELO</u>**

Now Comes the Intervention-Plaintiff, Jennifer M. Carrion ("Ms. Carrion" or

"Intervention-Plaintiff"), who hereby moves this Honorable Court to compel from the

Defendants - D'Angelo Law Group, LLC, Stephen D'Angelo, D'Angelo & Hashem LLC – the

additional documents identified and agreed to be produced in the Rule 30b6 Depositions of

D'Angelo Law Group, LLC ("DLG") that was held on August 2, 2018 and Rule 30b6 Deposition

of D'Angelo & Hashem LLC (D& H) on July 18, 2018.  Defendants through counsel provided

an incomplete submission to Ms. Carrion's counsel on or about September 19, 2018.

Specifically, the Intervention-Plaintiff, moves that this Honorable Court compel the

Defendants to produce the information identified and agreed to be produced in the DLG & D&H

depositions.  That information should have been provided under the Rule 30b6 Notices of

Deposition on or before July 18, 2018 or August 2, 2018.    This information includes, without limitation -

1. Dates of Deposits with Deposit Amounts for the attorney's fees and expenses paid in Worker's Compensation lump sum agreements. Some deposits in the Accountant's ledgers were not named and it is not clear what dates these attorney fees and expense checks were deposited from the ledgers.

2.    Dates that Worker's Compensations claims were commenced by either DLG and D&H;

3. Copies of Contingency Fee agreements or Engagement letters signed by clients with DLG & D&H;

4. Clarification whether clients agreeing to Worker Compensation Section 19 agreements still have an open case and clarification as to what are fees for those agreements and when were they paid or are to be paid;

5. Missing lump sum agreements that have not yet been produced. There are consents by employer to Lump Sum Settlement, but no lump sum amount or agreement was produced. For example, see DLG Deposition Exhibit 1, Client # 78;

6. Dates that each client engaged D&H and DLG for assistance in their personal injury or worker's compensation claims;

7.    Breakdown of expenses and fees paid to DLG or D&H on Worker Compensation cases since several of the lump sum settlements do not include expenses.

8. On DLG Deposition Exhibit 1, Client # 75 – Defendants to provide settlement amounts paid in light of significant discrepancy in the Worker's Compensation Documents given and explanation as to why there were two Lump Sum Settlements signed by the DIA Judge;

9.  On DLG Deposition Exhibit 1, no documents were provided whatsoever for Client #s 47, #13, # 20.

As grounds therefore, the Intervention Plaintiff avers -

(1) The information sought is necessary to achieve justice for the Intervention Plaintiff Ms. Carrion, in whose favor a jury entered a verdict in 2011 finding that Plaintiff Saba Hashem and Defendant D'Angelo & Hashem, LLC ("D&H") unlawfully terminated her employment because she was pregnant, and now holds Executions exceeding $500,000 of which not a cent has been paid;

(2) Compliance with this Court's rules for redaction and other laws protect personal confidential information.  Counsel for the parties have agreed to execute reasonable confidentiality agreements to protect personal information during this litigation's discovery;

(3) The Attorney-client privilege does not prevent discovery of the information sought;

(4)  There is no good cause to justify a denial of Plaintiff's Motion to Compel.  These documents are outstanding and should have been produced at the latest on July 18, 2018, August 2, 2018.  Counsel for Ms. Carrion has afforded the Defendants time to comply and Defendants have failed to do so.  Defendants' failures to produce discovery prejudices Ms. Carrion.

Therefore, the Intervention-Plaintiff requests that this Honorable Court ALLOW her Motion to Compel Discovery or/and any other relief this Court deems fair and just.  The Defendants must provide the discoverable information that they have already agreed to provide in Depositions.  If the Defendants provide all of the foregoing to my office on or before October 3, 2018, the Intervention Plaintiff will withdraw the subject motion.  Otherwise, Intervention Plaintiff will seek Attorney's fees and costs incurred to bring this motion with discovery sanctions under Federal Rules of Civil Procedure.

**Wherefore**, the Intervention Plaintiff requests that this Honorable Court award the relief sought.

Respectfully Submitted,
Jennifer M. Carrion, Intervenor-Plaintiff,
By Her Attorneys,


/s/ Mernaysa Rivera-Bujosa
Mernaysa Rivera Bujosa, Esq. BBO #665965
Rivera-Bujosa Law, P.C.
C-2 Shipway Place
Charlestown, MA 02129
P: (617) 398-6728
F: (617) 389-6730
E: mernaysa@riverabujosalaw.com

## CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 37(a)(1) AND L.R. 7.1(a)(2)

I hereby certify I conferred in good faith with counsel for Defendants, to wit in telephone conferences on September 26 and e-mail exchanges thereafter, but that we were unable to narrow the issues raised herein.

 /s/ Mernaysa Rivera Bujosa,
Mernaysa Rivera-Bujosa, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was today served via the Court's CM/ECF filing system upon all registered users in this case, including counsel for all parties.

 /s/ Mernaysa Rivera Bujosa,
Mernaysa Rivera-Bujosa, Esq.