UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SABA HASHEM, individually & as Manager of D'Angelo & Hashem, LLC, <br>     Plaintiff/Defendant-in-Counterclaim <br> v. <br><br> Stephen D'Angelo, individually and as a Manager of D'Angelo & Hashem, LLC, and D'Angelo Law Group; D'Angelo & Hashem, LLC; and D'Angelo Law Group, LLC. <br>     Defendants/Plaitniffs-in-Counterclaim <br><br> Jennifer M. Carrion, <br>     Intervention-Plaintiff, <br><br> v. <br><br> SABA HASHEM, STEPHEN D'ANGELO, D'ANGELO & HASHEM, LLC, D'ANGELO LAW GROUP, LLC. <br>     Intervention-Defendants, <br>     Reach and Apply Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:16-cv-12383-IT |

### JENNIFER M. CARRION'S SECOND MOTION TO COMPEL DISCOVERY FROM D'ANGELO LAW GROUP, LLC, D'ANGELO & HASHEM, LLC, & STEPHEN D' ANGELO

Now Comes the Intervention-Plaintiff, Jennifer M. Carrion ("Ms. Carrion" or "Intervention-Plaintiff"), who hereby moves this Honorable Court to (1) compel from the Defendants - D'Angelo Law Group, LLC ("DLG"), Stephen D'Angelo ("D'Angelo"), D'Angelo & Hashem LLC ("D&H") – **Copies of Contingency Fee agreements signed by D'Angelo & Hashem, LLC's clients with D'Angelo Law Group, LLC, if such agreements exist;** or alternatively to (2) issue per F.R.C.P. Rule 37 an order refusing to allow the disobedient party, at bar the

Defendants, to allege that a new contract was signed between the Defendant DLG and/or D'Angelo and D& H clients.

As Grounds Therefore, the Intervention-Plaintiff avers that Contingency Fee agreements signed by D&H clients with DLG have been requested from the Defendants via multiple requests; for example, without limitation - (A) Hashem's Request for Interrogatories at # 2 #10 (Exhibit "A" - pgs. 4-10 of 17), (B) Hashem's Request for Production of Documents # 3, #6, (Exhibit "B" pgs. 4-6 of 17 ) (C) Intervention-Plaintiff's Re-Notice of Taking Deposition of Defendant D'Angelo & Hashem LLC at Areas of Inquiry # 5, #8 # 9, # 10 (Exhibit "C" at pgs. 3-4 of 4), (D) Intervention-Plaintiff's Re-Notice of Taking Deposition of Defendant D'Angelo Law Group, LLC at Areas of Inquiry # 5, #8 # 9, # 10 (Exhibit "D" at pgs 3-4 of 4).

The Defendants responded to Hashem's Interrogatories and Documents requests producing a privilege log followed up with various agreed discovery meetings that started in March 2018 at the office of the Defendants' counsel (Exhibits "E" – Email Chain discussing the meetings as a means of discovery), along with the attached responses and document submissions, entitled "Response & Supp. Response to Request 6d" (Exhibit "F" containing one example redacted), which are client letters requesting assent to remain with Attorney D'Angelo of DLG or hire new counsel.

At the discovery meetings, Counsel for the Intervention-Plaintiff retrieved copies of contingency fee agreements with D&H, the client letters produced, but no contingency fee agreements between the D&H clients and DLG were located.

Further, no contingency fee agreements between the D&H clients and DLG have been provided in the Defendants' answers, responses, and/or supplementations to discovery.

However, at each of the Rule 30b6 Depositions of D&H & DLG, Attorney D'Angelo testified that there were contingency fee agreements signed with DLG, in addition to the client letters produced in Exhibit F and the D&H contingency fee agreements obtained at the discovery meetings. Notwithstanding, Attorney D'Angelo testifies under oath adamantly that he signed contingency agreements for DLG. (See Exhibit G – D&H Dep.at pgs. 138 – 150, 161-163; see also Exhibit "H" DLG Dep at pg. 126: 1-9). Notwithstanding, the requests by Ms. Carrion's counsel for these contingency fee agreements between D&H clients and DLG; **none have been produced to date**. This is crucial to this case, as Ms. Carrion will show *inter alia* that DLG is a successor firm to D&H.

Specifically, these documents were identified and agreed to be produced in the Rule 30b6 Depositions Deposition of D'Angelo & Hashem LLC (D& H) on July 18, 2018. ("Exhibit G"). In fact, counsel and Attorney D'Angelo claimed to have produced the DLG contingency fee agreements in the boxes at the discovery meetings (Exhibit "G" at pgs. 148-151). But to date the Defendants still fail to produce the contingency fee agreements between D&H clients and DLG, despite being obligated in Deposition and under discovery rules to supplement Answers to Interrogatories and Responses to the Production of Documents.

Specifically, the Intervention-Plaintiff, moves that this Honorable Court compel the Defendants to produce immediately the contingency fee agreements between D&H clients and DLG, if such agreements exit. That information should have been provided at the latest under the Rule 30b6 Notices of Deposition on or before July 18, 2018 or August 2, 2018, and/or supplemented before under the Defendants' answers and responses to discovery.

If the Defendants fail notwithstanding to provide such contingency agreements between D&H clients and DLG, then the Intervention Plaintiff requests this Honorable Court enter order per F.R.C.P. Rule 37 refusing to allow the Defendants to allege that a new contract was signed between the Defendant DLG and/or D'Angelo and D& H clients.

The information sought is necessary to achieve justice for the Intervention Plaintiff Ms. Carrion, in whose favor a jury entered a civil rights verdict in 2011, and now holds civil rights Executions exceeding $500,000 of which not a cent has been paid. There is no good cause to justify a denial of Plaintiff's Motion to Compel. These documents are outstanding and should have been produced at the latest on July 18, 2018, August 2, 2018. Counsel for Ms. Carrion have afforded the Defendants time to comply with the discovery requests, and Defendants continue to violate discovery. Defendants' failures to produce discovery prejudices Ms. Carrion.

Therefore, the Intervention-Plaintiff requests that this Honorable Court ALLOW her Motion to Compel Discovery, issue per F.R.C.P. Rule 37 an order refusing to allow the Defendants to allege that a new contract was signed between

the Defendant DLG and/or D'Angelo and D& H clients, or/and any other relief this Court deems fair and just.   Intervention Plaintiff has no choice but to move also for attorney's fees and costs incurred to bring this motion with discovery sanctions under Federal Rules of Civil Procedure.

**Wherefore**, the Intervention Plaintiff requests that this Honorable Court award the relief sought.

                                        Respectfully Submitted,
Jennifer M. Carrion, Intervenor-Plaintiff,
By Her Attorney,

/s/ Mernaysa Rivera-Bujosa
Mernaysa Rivera Bujosa, Esq. BBO #665965; Rivera-Bujosa Law, P.C.
C-2 Shipway Place
Charlestown, MA 02129
P: (617) 398-6728
F: (617) 389-6730
E: mernaysa@riverabujosalaw.com

**CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 37(a)(1) AND L.R. 7.1(a)(2)**

I hereby certify I conferred in good faith with counsel for Defendants, to wit in email exchanges on October 5, 9, 10, 2018 and e-mail exchanges thereafter, but that we were unable to narrow the issues raised herein.

                                         /s/ Mernaysa Rivera Bujosa,
Mernaysa Rivera-Bujosa, Esq.

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of this pleading was today served via the Court's CM/ECF filing system upon all registered users in this case, including counsel for all parties.

                                         /s/ Mernaysa Rivera Bujosa,
Mernaysa Rivera-Bujosa, Esq.