UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SABA HASHEM, individually, and as a | * | |
| Member of, and derivatively on behalf of, | * | |
| D'Angelo and Hashem, LLC, | * | |
|     Plaintiff, | * | Civil Action No. 16-cv-12383-IT |
| | * | |
|     v. | * | |
| | * | |
| STEPHEN L. D'ANGELO, D'ANGELO | * | |
| LAW GROUP, LLC, and D'ANGELO | * | |
| AND HASHEM, LLC | * | |
|     Defendants | * | |

**MOTION OF DEFENDANTS, STEPHEN L. D'ANGELO AND
D'ANGELO LAW GROUP, LLC, TO REMAND**

Now come Defendants, Stephen L. D'Angelo and D'Angelo Law Group, LLC, and respectfully submit their Motion to Remand.

**PROCEDURAL BACKGROUND**

This case was filed by Plaintiffs in state court (Essex Superior) on September 16, 2016. Defendants moved to remove the case to federal court based upon diversity jurisdiction which was allowed on November 16, 2016. Intervention-Plaintiff, Jennifer M. Carrion, was permitted to intervene in this case by order of the Court on July 28, 2017. Defendants recently retained new counsel who believe that the proper court for this matter is now state court, due to a lack of subject matter jurisdiction required in federal court. As such, Defendants seek remand of the case to state court (Essex Superior).

**STANDARD FOR SUBJECT MATTER JURISDICTION IN FEDERAL COURT**

Federal district courts are courts of limited jurisdiction and may exercise jurisdiction pursuant to 28 U.S.C. sec. 1331 when the case presents a "federal question", or pursuant to 28 U.S.C. sec. 1332 when the parties are citizens of different states ("diversity") and the amount in controversy exceeds $75, 000.00. A case presents a federal question "when a well-pleaded complaint establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law".  Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 690 (2006).

Courts have held that subject matter jurisdiction rests on the "central principle of a free society that courts have finite bounds of authority", and further that "[c]ourts must be careful to respect these limits on their authority." Christopher v. Stanley-Bostitch, Inc., 240 F. F.3d 95, 101 (1st Cir. 2001). Notably, courts have held that if federal subject matter jurisdiction is doubtful, those doubts should be resolved in favor of remand.  See Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); Padilla-Gonzalez v. Local 1575, 635 F. Supp. 2d 105, 108 (D.P.R. 2009); In re Mass.Diet Drug Litig.,338 F. Supp. 2d.198, 202 (D. Mass.2004).

The requirement of subject matter jurisdiction in the federal district courts "functions as a restriction on federal power." Ayaz v. LiveWire Mobile, Inc.(D. Mass., 2013 quoting Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005). And further, the existence of subject matter jurisdiction "is never presumed". Id.  In fact, Courts have held that a federal court "has an obligation to inquire sua sponte into its own subject matter jurisdiction". Ayez, quoting McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).

In the case at bar, subject matter jurisdiction is currently premised upon diversity jurisdiction, pursuant to 28 U.S.C. sec. 1332 with the parties being citizens of different states and the amount in controversy exceeding $75, 000.00.  However, because diversity no longer exists in the case between the parties presently in the lawsuit, subject matter jurisdiction no longer exists, and the case must be remanded to state court.

**REMOVAL FROM STATE TO FEDERAL COURT BY DEFENDANTS WAS PROPER**

A party seeking to remove a case from state court to federal court bears the burden of persuasion as to the existence of federal jurisdiction.  BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir. 1997).  In the instant case, Defendants, Stephen L. D'Angelo and D'Angelo Law Group, LLC, argued the existence of complete diversity of the parties via 28 U.S.C. sec. 1332(a)(1), as Plaintiff was a citizen of Massachusetts, and Defendants were citizens of New Hampshire.  The Court properly allowed the initial removal of the case from state to federal court based upon this existence of the requisite federal subject matter jurisdiction.

**COMPLETE DIVERSITY BETWEEN PARTIES IS REQUIRED-**
**FEDERAL SUBJECT MATTER JURISDICTION NO LONGER MET AFTER**
**INTERVENTION-PLAINTIFF ALLOWED INTO SUIT**

Diversity jurisdiction in federal court "requires complete diversity between the plaintiffs and defendants in an action." Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008).  A corporation is deemed to be a citizen of each state in which it is incorporated or has its principal place of business.  28 U.S.C. sec 1332(c) (1).  Citizenship of a partnership or limited liability company, is determined by the citizenship of all of its members.  Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006); see also Grup Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 581 n. 1, 124 S.Ct. 1920 (2004).  Where complete diversity does not exist, a case

must be remanded to state court.  See Cambridge Place Inv. Mgmt., Inc. v. Morgan Stanley & Co., 813 F. Supp. 2d 242, 245-46 (D. Mass. 2011).

In the instant case, Intervention-Plaintiff, Jennifer M. Carrion, was permitted to intervene in this case by order of the Court on July 28, 2017.  Ms. Carrion, a resident of Lawrence, MA, is a citizen of the state of Massachusetts, for diversity purposes.  Plaintiff/Intervention-Defendant, Saba Hashem, is a resident of Methuen, MA and a citizen of the state of Massachusetts, for diversity purposes.  Intervention-Defendant, D'Angelo & Hashem, LLC, a firm located in North Andover, MA, is a citizen of New Hampshire (as Defendant, Stephen L. D'Angelo, a member of the LLC, is a resident of Chester, New Hampshire), and also a citizen of Massachusetts (as Defendant, Saba Hashem, a member of the LLC, is a resident of Massachusetts).  As such, with the addition to the suit of Intervention-Plaintiff, Ms. Carrion, there is no longer complete diversity between the parties, and no longer federal subject matter jurisdiction.  Because subject matter jurisdiction is required, the case must be remanded to state court.

**SUPPLEMENTAL JURISDICTION OF INTERVENTION–PLAINTIFF'S CLAIMS VIA 28 U.S.C. Sec. 1367 PROHIBITED AS IT IS INCONSISTENT WITH JURISDICTIONAL REQUIREMENTS OF Sec. 1332**

Pursuant to 28 U.S.C. sec. 1367(a), federal courts are permitted to exercise supplemental jurisdiction as follows:

(a) Except as provided in subsection (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

> Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. 28 U.S.C. sec. 1367.

However, under section (b), such supplemental jurisdiction <u>is not allowed</u> under the following circumstances:

> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district court shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, *or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.* 28 U.S.C. 1367 (emphasis supplied).

Here, the claims of Ms. Carrion added under Rule 24 as an intervenor are not permissible under the rubric of supplemental jurisdiction as this violates section 1367(b). Because addition of her claims are inconsistent with the jurisdictional requirements of section 1332, specifically, complete diversity, supplemental jurisdiction is not granted by section 1367.

**CONCLUSION**

Federal subject matter jurisdiction is required for any case to be heard in federal court. Initial authority for the instant case was based on 28 U.S.C. 1332, and requires complete diversity between the parties for the matter to proceed. With the addition of the intervention-plaintiff, complete diversity between the parties was destroyed, as she is a citizen of Massachusetts, as are Intervention-Defendants Saba Hashem and D'Angelo and Hashem LLC.

Because subject matter jurisdiction no longer exists in federal court, the case must be remanded to state court. Defendants therefore respectfully request that their Motion to Remand be allowed.

                                              Respectfully submitted,

                                              Defendants,
                                              Stephen L. D'Angelo and
                                              D'Angelo Law Group, LLC
                                              by their attorneys,

                                              *COSSINGHAM LAW OFFICE, PC*

Dated:  December 4, 2018

                                              _____/s/_____
                                              Kenneth A Cossingham Esq.
                                              BBO#100970
                                              Cossingham Law Office, PC
                                              30 Massachusetts Ave., Suite 404
                                              North Andover, MA  01845
                                              Tel: 978-685-5686
                                              Fax: 978-794-0985
                                              kcossingham@cossinghamlaw.com


## CERTIFICATE OF SERVICE

     I, Kenneth A. Cossingham, Esquire hereby certify that on this 4th day of December 2018, a copy of the foregoing Motion To Remand was served via the Court's CM/ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                              _____/s/_____
                                              Kenneth A. Cossingham, Esquire