UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SABA HASHEM, individually & as Manager of D'Angelo & Hashem, LLC,<br>  Plaintiff/Defendant-in-Counterclaim<br>v.<br><br>Stephen D'Angelo, individually and as a Manager of D'Angelo & Hashem, LLC, and D'Angelo Law Group; D'Angelo & Hashem, LLC; and D'Angelo Law Group, LLC.<br>  Defendants/Plaintiffs-in-Counterclaim<br><br>Jennifer M. Carrion,<br>  Intervention-Plaintiff,<br>v.<br><br>SABA HASHEM, STEPHEN D'ANGELO, D'ANGELO & HASHEM, LLC, D'ANGELO LAW GROUP, LLC.<br>  Intervention-Defendants,<br>  Reach and Apply Defendants | No. 1:16-cv-12383-IT |

### INTERVENOR PLAINTIFF'S OPPOSITION TO THE DEFENDANTS', STEPHEN D'ANGELO & D'ANGELO LAW GROUP, MOTION TO REMAND

Pursuant to U.S. Dist. Ct. Rules D. Mass., LR **7.1**, the Defendants' Motion to Remand must be stricken as moved by the Intervention Plaintiff, Jennifer M. Carrion, in light of the Defendants'- Stephen D'Angelo & D'Angelo Law Group LLC - failure to confer with counsel in advance, as required by Local Rule 7.1 of U.S. Dist. Ct. Rules D. Mass. Intervention Plaintiff respectfully submits this Opposition to the Defendants' Motion to Remand in the alternative to her Motion to Strike.

As Grounds Therefore, Intervention Plaintiff submits that diversity is not destroyed by the order to Intervene, dated July 28, 2018, under federal law. See **American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP**, 362 F.3d 136, 141-142 (2004), In re Olympic Mills Corp., 477 F.3d 1, 11-12, (2007).

It is well established that "The domicile of the parties is determined at the time the action commences, and once jurisdiction is established, it cannot be affected by a subsequent change of domicile. § 3:8.Diversity jurisdiction—Citizenship, 46 Mass. Prac., Federal Civil Practice § 3:8 citing Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 49 (1st Cir. 1992); Hawes v. Club Ecuestre El Comandante, 598 F.2d 698, 701–702 (1st Cir. 1979) ("Domicile at the time suit is filed is the test and jurisdiction once established is not lost by a subsequent change in citizenship."). Valentin v. Hospital Bella Vista, 254 F.3d 358 (1st Cir.2001) ("For federal jurisdictional purposes, diversity of citizenship must be determined as of the time of suit."). Mr. D'Angelo is a resident of Chester NH where he owns his home and even ran for state house of representatives for Rockingham County. (See Exhibit A) Mr. D'Angelo lost the election in November 2018. The Court of Appeals for the First Circuit considers the place where one is registered to vote to be a "weighty" factor in the jurisdictional equation. Id citing. Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992). "Where the written submissions do not resolve the issue, an evidentiary hearing may be required." Id. citing Padilla-Mangual v. Pavia Hosp., 516 F.3d 29 (1st Cir. 2008). Intervention Plaintiff requests an evidentiary haring if needed.

For diversity jurisdiction to exist, there must be complete diversity among the parties; in other words, none of the necessary parties on one side of a case may be a resident of the same state as any party on the other side. Id at Fn. 18. This rule does not apply in instances of statutory interpleader under 28 U.S.C.A. § 1335 and certain class actions. Id at Fn 19. In determining whether there is diversity jurisdiction, courts will consider indispensable parties not formally named in the action. Id at Fn 21.

Intervention Plaintiff further cites as guidance, In re Olympic Mills Corp., 477 F.3d 1, 11- 12, (2007).

"In similar situations, the weight of authority holds that claims launched by necessary but dispensable, nondiverse defendant-intervenors do not defeat the original jurisdiction (diversity) that obtained at the commencement of the action.[9] *See, e.g., Mattel, Inc. v. Bryant*, 446 F.3d 1011, 1013 (9th Cir.2006) (per curiam); *Aurora*, 442 F.3d at 1025–26; *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 573 (6th Cir.2004); *Viacom Int'l, Inc.*, 212 F.3d at 726–28; *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 492 (4th Cir.1998); *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 160 (3d Cir.1995); *see also Freeport–McMoRan*, 498 U.S. at 428, 111 S.Ct. 858 (citing *Wichita R.R. & Light Co. v. Pub. Util. Comm'n of Kan.*, 260 U.S. 48, 54, 43 S.Ct. 51, 67 L.Ed. 124 (1922) (**"Jurisdiction once acquired ... is not divested by a subsequent change in the citizenship of the parties. Much less is such jurisdiction defeated by the intervention, by leave of the court, of a party whose presence is not essential to a decision of the controversy between the original parties."**)). **The present case offends the complete-diversity rule even less: in adversary proceeding No. 03–0090 (the case at bar), Coachman and Olympic Mills made no claims against any party and no party made any claims against them. (This is not the case, of course, in adversary proceeding No. 03–0042, which is not before us.)[10]**"

Ms. Carrion is not an indispensable party to this lawsuit. The lawsuit at bar would continue by diverse citizens if Ms. Carrion had not been allowed to intervene as a Creditor Execution holder.

Secondly, the Intervention Plaintiff's claims involve a federal question without limitation – collection of Jennifer M. Carrion's civil rights executions. That is another independent ground justifying federal jurisdiction of this matter to which Ms. Carrion has right to intervene under a federal law question basis of subject matter jurisdiction.

Third, Intervention Plaintiff and Plaintiff has entered into confidential settlement agreement with Intervention Defendant, Saba Hashem, individually, on November 28, 2018. This confidential settlement arrangement is finalizing February 1, 2019. Therefore, Intervention Plaintiff's dismissal against Intervention Defendant Mr. Hashem, individually, would restore complete diversity, making Defendant's motion to remand moot. This can be filed today and entered on February 1. 2019.

This is a mere delay tactic by the Defendants, who removed this case to federal court in the first place from state court. Defendants answered the Intervention Plaintiff's Complaint and make motion to delay reach of a federal preliminary injunction and summary judgment that must be allowed. Defendants have history of misrepresenting assets in prior divorce actions see Exhibit B at page 2. This Honorable Court must retain jurisdiction. Intervention Plaintiff submits for more time to search this issue such as a week.

For all these reasons, Defendants motion to remand must be denied.

Respectfully Submitted,
Jennifer M. Carrion,
Intervention-Plaintiff,
By Her Attorney,

/s/ Mernaysa Rivera-Bujosa
Mernaysa Rivera Bujosa, Esq. BBO #665965
Rivera-Bujosa Law, P.C.
C-2 Shipway Place
Charlestown, MA 02129
P: (617) 398-6728
F: (617) 389-6730
E: mernaysa@riverabujosalaw.com

## CERTIFICATE OF SERVICE

SUFFOLK, ss.                                           December 5, 2018

I hereby certify that a copy of this pleading was today served via the Court's CM/ECF filing system upon all registered users in this case, including counsel for defendants.

/s/ Mernaysa Rivera Bujosa,
Mernaysa Rivera-Bujosa, Esq.

## Certificate Of Compliance

I, Mernaysa Rivera-Bujosa, Esq., hereby certify that I have complied with the requirements of Mass. Fed. Dist. Ct. Local Rule 7.1.

/s/ Mernaysa Rivera-Bujosa, Esq.
Mernaysa Rivera-Bujosa,