UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SABA HASHEM, individually and as a member of, and derivatively on behalf of, D'Angelo and Hashem, LLC, <br><br> Plaintiff / Defendant-in-Counterclaim, <br><br> v. <br><br> STEPHEN D'ANGELO, individually and as a member of D'Angelo & Hashem, LLC, and D'Angelo Law Group; D'ANGELO LAW GROUP, LLC, and D'ANGELO AND HASHEM, LLC, <br><br> Defendants / Plaintiffs-in-Counterclaim <br><br> JENNIFER M. CARRION, <br><br> Intervention-Plaintiff, <br><br> v. <br><br> SABA HASHEM, STEPHEN D'ANGELO, D'ANGELO & HASHEM, LLC, D'ANGELO LAW GROUP, LLC, <br><br> Intervention-Defendants. | Civ. Action No. 16-cv-12383-IT |

MEMORANDUM AND ORDER

January 24, 2019

TALWANI, D.J.

I.  Introduction

Plaintiff Saba Hashem ("Hashem") filed this action in the Superior Court of Essex County, Massachusetts,[1] individually, and "as a [m]ember of, and derivatively on behalf of,

---

[1] Although the header of Hashem's Verified Complaint states "Suffolk, SS," the filing stamp on the first page shows it was in fact filed in Essex Superior Court. Verified Compl. [#1-2].

D'Angelo and Hashem, LLC [("D&H")]," against Defendants Stephen D'Angelo ("D'Angelo") and D'Angelo Law Group, LLC ("D'Angelo Law"), and "nominally" against D&H. Verified Compl. 1 [#1-2]. D'Angelo and D'Angelo Law promptly removed the case to this court pursuant to 28 U.S.C. § 1332(a)(1). Not. of Removal [#1].

The Notice of Removal asserted for purposes of diversity jurisdiction that Plaintiff Hashem is a citizen of Massachusetts, and Defendants D'Angelo and D'Angelo Law are citizens of New Hampshire. Id. ¶¶ 8–11. The Notice of Removal acknowledged that D&H's "initial members"—D'Angelo and Hashem—were a citizen of Massachusetts and a citizen of New Hampshire, but asserted that "D&H [was] named only 'derivatively' and 'nominally,' and thus should not be considered a substantial party to the controversy for purposes of diversity." Id. ¶¶ 12, 14.[2] Consistent with this position, Defendants subsequently asserted that D&H "was not a legal entity," "exists in name only," and "could not be a moving party" as to their motion to dismiss. Mot. for Leave to Respond to Order ¶¶ 4-5 [#21].

After the court allowed Jennifer Carrion's Motion to Intervene [#26] as a judgment creditor of Hashem and D&H, see Mem. & Order [## 38, 39], Defendants changed their position. D&H joined D'Angelo and D'Angelo Law in filing an Answer [#59] to Carrion's Cross-Complaint [#48] and Answer and Counterclaim [#58] to Plaintiff's Amended Complaint [#46]. In these pleadings, Defendants admitted that D&H was formed as a limited liability company and that both Hashem and D'Angelo are members of D&H. See, e.g., Answer and Countercl. ¶¶ 6-7 [#58]. In Counterclaim, they sought damages for, inter alia, an alleged breach of a fiduciary duty owed to D&H, damages caused to D&H's reputation, the loss of D&H's clients, and an accounting of work performed by Hashem for D&H. Id. at Countercl. ¶¶ 29, 31.

---

[2] The state court record reflects that D&H was served on November 2, 2016. See State Court Rec. 23 at Docket No. 6 [#10].

On November 16, 2018, on Carrion's Emergency Motion for Preliminary Injunction against D'Angelo and D'Angelo Law Group [#155], the court entered a Temporary Restraining Order [#165] as agreed to by the parties and set a motion hearing on the preliminary injunction for December 6, 2018.

On November 20 and December 4, 2018, new counsel filed notices of appearance for D'Angelo and D'Angelo Law Group. On December 4, 2018, these two Defendants filed a Motion to Remand [#169], which this court denied without prejudice for failing to comply with Local Rule 7.1. Elec. Order [#180].

On December 6, 2018, the court entered a preliminary injunction, which remains in place "pending further order of this court, or if the matter is remanded, of the Superior Court for the Commonwealth of Massachusetts." Mem. & Order 10 [#183].

II.  Renewed Motion to Remand

On December 17, 2018, approximately two years after removing the case, D'Angelo and D'Angelo Law filed their Renewed Motion to Remand the Case to Essex Superior Court for Lack of Subject Matter Jurisdiction ("Mot. to Remand") [#188]. Defendants D'Angelo and D'Angelo Law now assert that because "[D&H] had not been dissolved, was still legally in existence, and was fully capably and duly authorized to enter into contracts and to conduct business operations[,]" D&H was a real and substantial party and no diversity existed at the time that this lawsuit commenced. Defs.' Mem. 2 [#189].[3]

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between [] citizens of different

---

[3] Defendants argue in the alternative that diversity was destroyed when Intervenor Plaintiff was permitted to intervene. Defs.' Mem. 2 [#189]. Because the court finds that no diversity existed at the commencement of the action, the court does not reach this argument.

States." 28 U.S.C. § 1332(a)(1). "[T]he citizenship of an unincorporated entity, such as a partnership, is determined by the citizens of all of its members." Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2005) (citing Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990)). "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Savings Assoc. v. Lee, 446 U.S. 458, 461 (1980).

Despite the assertions in the Notice of Removal [#1] filed by D'Angelo and D'Angelo Law Group, D&H was not simply a "derivative" or "nominal" party at the time the action commenced. Plaintiff's original Verified Complaint sought relief from D&H, including an accounting of D&H's clients and assets and an injunction ordering distributions by D&H to its members. Verified Compl. 7-8 [#1-2]. D&H's subsequent Answers [##58, 59] admit to D&H's legal existence at all relevant times. Accordingly, because D&H was a real and substantial party to this action from the outset, and is a citizen of both Massachusetts and New Hampshire, and because Hashem is a citizen of Massachusetts, complete diversity never existed and the court lacks subject matter jurisdiction. The removal by D'Angelo and D'Angelo Law was improper.

In opposition to remand, Carrion argues that her intervention in this case did not destroy diversity, that she had a right to intervene under federal law, that her confidential settlement agreement with Hashem would restore complete diversity, and that the doctrine of laches prevent D'Angelo and D'Angelo Law from now moving to remand. Intervenor Pl.'s Opp'n [#173]; Intervenor Pl.'s Second Opp'n [#176]. However, the court is not remanding based on Carrion's intervention, but because complete diversity did not exist amongst the parties at the time that this lawsuit commenced. See Valentin v. Hosp. Bella Vista, 254 F.3d 358, 361 (1st Cir. 2001) ("For federal jurisdictional purposes, diversity of citizenship must be determined at the time of suit."

4

(citing Bank One v. Montle, 964 F.2d 48, 49 (1st Cir. 1992)). Moreover, where the court lacks subject matter jurisdiction, remand is mandatory, and the doctrine of laches does not apply. See 28 U.S.C. § 1447(c).

### III. Fees and Costs

28 U.S.C. § 1447(c) contemplates the imposition of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In analyzing when imposing such fees is appropriate, the Supreme Court recognized that when removal is inappropriately used as a litigation strategy, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005). The high court advised the district courts to "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" when awarding fees under section 1447(c), id., but cautioned that absent unusual circumstances, expenses should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." Id. The district courts "retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id. As an example of such an unusual circumstance, the Supreme Court noted "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction." Id. at 141.

Here, no party contends that the removing parties sought to prolong litigation or impose costs on the opposing party by removing the action. Moreover, Hashem never sought remand. To the contrary, it is the removing parties who are now seeking remand. Given that subject matter jurisdiction is not waivable and that any final judgment that this court ordered without subject

matter jurisdiction would be vacated on appeal, the court cannot find that the motion to remand was an "inappropriate" litigation strategy.

In considering "just costs and actual expenses" the court notes further that the costs of litigating here would just as well have been incurred if the matter had not been removed, and that the case is being remanded with fact discovery completed (other than as to those documents identified at the September 5, 2018, status conference) and a preliminary injunction in place. Accordingly, the court does not require the payment of any costs or expenses incurred as a result of the improper removal.

IV.     Conclusion

For the foregoing reasons, the court ALLOWS Defendants D'Angelo and D'Angelo Law Group's Renewed Motion to Remand [#188]. The case is REMANDED to the Essex Superior Court. The clerk shall mail a certified copy of this order to the clerk of the Superior Court of Essex County so that that court may proceed with the case.

IT IS SO ORDERED.

Dated: January 24, 2019                         /s/ Indira Talwani
                                                United States District Judge